# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-00129-SCT

*BOOKER YOUNG a/k/a BOOKER T. YOUNG*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/97 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE PITTMAN, P.J., BANKS, AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## SUMMARY

¶1. Booker Young ("Young") appeals the summary dismissal of his motion for post conviction relief filed in the Circuit Court of Panola County. Young alleged in his pro se motion that he was unlawfully coerced into making his guilty plea by a promise of a lenient sentence, that his sentence was harsh and excessive, and that he received ineffective assistance of counsel. Young raises the following issues on appeal,

**I. THERE WAS SUFFICIENT EVIDENCE TO AFFORD YOUNG AN EVIDENTIARY HEARING ON THE QUESTION OF A COERCED GUILTY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL.**

**II. THE TRIAL JUDGE ERRED IN SENTENCING YOUNG TO THE STATUTORY MAXIMUM FOR AGGRAVATED ASSAULT AND GRAND LARCENY.**

¶2. After review of the record and briefs, it is this Court's opinion that neither issue has merit and the trial court's summary dismissal should be affirmed.

## FACTS OF THE CASE

¶3. On July 11, 1993 Young hit his sleeping uncle nine times in the head with a hammer, cutting the victims ear loose from his head and causing other injuries. After tearing the phone out of the wall, Young stole his uncle's car keys and drove the car away, later wrecking and abandoning the vehicle. Young was apprehended and on October 27, 1993, waived his right to a Grand Jury and was proceeded against by information on the charges of aggravated assault and grand larceny. Miss. Code Ann. § 97-3-7(2) (1972) and Miss. Code Ann. § 97-17-41 (1972).

¶4. On October 26, 1993, Young offered a guilty plea in open court to the charges against him. After proper Boykinization the lower court accepted Young's plea and sentenced him to 20 years for the count of aggravated assault and 5 years on the grand larceny count.

¶5. Young filed his motion for post conviction relief on May 27, 1994, later amended and re-filed on May 12, 1995. The circuit court, after reviewing the file, summarily dismissed Young's motion and this appeal followed.

## DISCUSSION OF LAW

1. Standard of Review.

¶6. This Court has explained the procedural posture of an appeal from summary dismissal of a motion for post conviction relief as follows:

> [R]eview of claims brought via formal post-conviction petition proceeds in a structural order whereby '[o]ur procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. Functionally, Section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss.R.Civ.P.'

*Myers v. State*, 583 So.2d, 174,175-76 (internal citations omitted) (Miss. 1991)(*quoting **Billiot v. State,*** 515 So.2d 1234, 1236 (Miss. 1987)).

¶7. Miss. Code Ann. § 99-39-9 (1994) provides that the motion shall contain the following:

> (c) A concise statement of the claims or grounds upon which the motion is based.

> (d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.

> (e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

¶8. Mississippi Code Annotated, § 99-39-11(2) (1994) provides that the lower court may summarily dismiss the motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief."

¶9. Thus, as in a 12(b)6 dismissal, this Court reviews the record de novo to determine whether Young has failed to demonstrate "a claim procedurally alive 'substantial[ly] showing denial of a state or federal right,...'" *Myers*, 583 So. 2d at 176 (*quoting Billiot*, 515 So.2d at 1237); Miss. Code Ann. § 99-39-27(5) (1994) .

2. Young Has Failed to Demonstrate that he Was Entitled to an Evidentiary Hearing on the Issues of a Coerced Plea and Ineffective Assistance of Counsel.

¶10. Young's first contention is that his pleas were involuntary because he was improperly coerced into making a guilty plea by a promise of a lighter sentence. As this Court stated in *Wright v. State*, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." *Wright v. State,* 577 So. 2d 387, 390 (Miss. 1991)(*citing Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223 (5th Cir. 1984)); *Perma Research & Dev. Co. v. Singer Co*., 410 F.2d 572 (2d Cir. 1969)); *see also King v. State*, 679 So. 2d 208, 210-11 (Miss. 1996); *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991).

¶11. The unimpeachable documentary evidence in the record before this Court overwhelmingly belies Young's claims:

Q. Have any other promises been made to you, or any other plea agreement been reached with you in return for your plea of guilty on aggravated assault and grand larceny?

A. Defendant Young: No, sir.

Q. Has anybody promised you that if you would come in here and plead guilty to these charges that the Court would give you any specific sentence or sentences for less than the maximum penalties provided by law?

A. Defendant Young: No, sir.

Q. Has anybody promised you mercy or leniency from this Court in return for your pleas of guilty?

A. Defendant Young: No sir.

Q. Has anybody threatened you, coerced you, intimidated you, or done anything in an effort to force you to plead guilty against your will?

A. Defendant Young: No, sir.

¶12. Young now apparently contends that he was lying to the lower court and had been promised a lighter sentence in return for his plea. Great weight is given to statements made under oath and in open court during sentencing. *Mowdy v. State*, 638 So. 2d 738, 743 (Miss. 1994). Furthermore, Young produced no

affidavits other than his own contradicting his earlier sworn statements, nor does he aver any reason why such affidavits are lacking. See Miss. Code. Ann. § 99-39-9(1)(e) (1994). This Court has stated that when the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement, an evidentiary hearing is not required. *Marshall v. State*, 680 So. 2d 794, 795 (Miss. 1996) (*citing Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992)).

3. Ineffective Assistance of Counsel

¶13. This court follows the *Strickland* test for determining when a defendant has been ineffectively represented by counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Mowdy v. State*, 638 So. 2d 738, 742 (Miss. 1994); *Wilson v. State*, 577 So. 2d 394, 396 (Miss. 1991); *Leatherwood v. State*, 539 So. 2d 1378, 1381 (Miss. 1989).

¶14. Under that standard the defendant must overcome a strong presumption of effectiveness to show that the attorney's performance was deficient. *Strickland*, 466 U.S. at 689; *Chase v. State*, 699 So. 2d 521, 526 (Miss. 1997); *Connell v. State*, 691 So. 2d 1004, 1007 (Miss. 1997). The defendant must also show that the mistake or mistakes were so prejudicial as to convince this Court with a reasonable degree of certainty that but for counsel's mistakes, the outcome would have been different. *Strickland*, 466 U.S. at 694,; *Chase v. State*, 699 So. 2d at 526-27; *Connell v. State*, 691 So. 2d at 1007.

¶15. Here, the trial judge was correct that Young has failed to meet that standard. Young does not allege, nor does the record demonstrate, any specific instance in which his counsel's performance was deficient. Young apparently contends that his counsel was ineffective in failing to procure the more lenient sentence that he was allegedly promised.

> Q. All right, Mr. Williams, other than this promise that has been made to you that this recommendation would be made in your behalf in return for your plea of guilty, has any other promise been made to you?
>
> A. Defendant Williams: No, sir.
>
> Q. Has anybody promised you that if you came in here and pleaded guilty that the Court would accept this recommendation and give you this recommended sentence or any other specific sentence for less than the maximum penalty provided by law?
>
> A. Defendant Williams: No, sir.

¶16. It is apparent that Young's counsel did not render ineffective assistance of counsel. In fact, Young's plea in the instant case resulted in the State's remanding to the file an armed robbery charge, for which Young could have been sentenced to life in prison. The trial judge correctly found that Young's claim was without merit and subject to summary dismissal.

4. Young Was not Entitled to An Evidentiary Hearing on Whether His Sentence Was Excessive or Grossly Disproportionate.

¶17. Young finally contends that the trial court erred in denying him a hearing on the question of whether the sentence imposed by the court, 20 years for aggravated assault and 5 years for grand larceny was excessive and grossly disproportionate.

¶18. Miss. Code. Ann. § 97-3-7 (2)(1994) provides a maximum of 20 years for aggravated assault. Similarly, Miss. Code. Ann. § 97-17-41 (1)(a)(Supp.1997) provides a maximum of 5 years for grand larceny. The trial court properly exercised its discretion in denying a hearing to consider the sentence imposed during Young's initial appearance before the trial court.

¶19. This Court has noted that a trial judge acts with the broadest of discretion as long as she sentences a defendant within the applicable statute. See *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996) holding sentencing is within discretion of trial court and not subject to appellate review if it is within limits prescribed by statute). Generally, this Court will not review a trial judge's imposition of a sentence as long as it does not exceed the maximum term allowed. *See Johnson v. State*, 666 So. 2d 784, 797 (Miss. 1995) ("generally, this Court will not review the sentence if it is within statutory limits"); *Flemming v. State*, 604 So. 2d 280, 302 (Miss. 1992) ("the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute"); *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss.1992) ("As a general rule, sentencing is purely a matter of trial court discretion so long as the sentence imposed lies within the statutory limits."). Only in very limited circumstances will we depart from our general rule and exercise our power of appellate review over a use of judicial discretion. *See Jones v. State*, 669 So. 2d 1383, 1393 (Miss. 1996) ("So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion."); *Green v. State*, 631 So. 2d 167, 176 (Miss.1994) ("So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion."). In the case *sub judice*, we find no abuse of discretion in the trial court's sentencing of Young.

¶20. As a constitutional matter, proportionality of a sentence under the Eighth Amendment was previously addressed by this Court under the three pronged analysis found in *Solem v. Helm*, 463 U.S. 277 (1983). *Hoops*, 681 So. 2d at 538. As noted in *Hoops* however, *Solem* has been limited by the Supreme Court.

¶21. In *Harmelin v. Michigan*, the Supreme Court held that absent a punishment which falls outside the bounds of those traditionally implemented under the old Anglo-Saxon system, the realm of proscribing punishment is generally left to the various states. *Harmelin v. Michigan*, 501 U.S. 957, 991-92 (1991) (referring to *Weems v. United States*, 217 U.S. 349 (1910) in which a defendant was sentenced under a Spanish Penal Code provision to a life of hard labor for minor embezzlement). For want of a ready definition, this Court in *Hoops* noted that *Harmelin* stands for the proposition that no proportionality requirement exists under the Eighth Amendment absent a threshold showing of "gross disproportionality." *Hoops*, 681 So.2d at 538 (*citing Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir. 1996)). Without this initial showing, we will not employ the three pronged *Solem* analysis outlined in *Hoops*.

¶22. This case reveals no such grossly disproportionate punishment. In this case Young struck a 65-year old man in the head with a hammer 9 times and stole his car. It is self evident that a 25-year total sentence for this crime is not grossly disproportionate. Furthermore, the court acted well within its discretion in deciding to impose the two sentences consecutively as expressly authorized by Miss. Code Ann. § 99-19-21(1) (Supp. 1997). *See*, *Armstead v. State*, 503 So. 2d 281, 285 (Miss. 1987).

## CONCLUSION

¶23. In conclusion the trial court was eminently correct that Young's motion for post conviction relief was so devoid of merit as to warrant summary dismissal. No claim raised by Young on appeal refutes the record in this case which demonstrates that Young knowingly and voluntarily entered a plea of guilty upon effective

assistance of court appointed counsel. Furthermore, Young's sentence is not grossly disproportionate in light of the seriousness of the crimes, and the trial judge acted well within his discretion in determining that the sentences should be served consecutively.

¶24. **AFFIRMED**.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE AND ROBERTS, JJ., CONCUR. MILLS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, J.**


### MILLS, JUSTICE, SPECIALLY CONCURRING:

¶25. I specially concur in the result reached by the majority but believe the legal underpinnings supporting the affirmance do not state the better rule of law. I discussed my views on this matter in my dissent in ***Davis v. State, 97-KA-00458-SCT*** (Miss. Dec. 10, 1998) and feel constrained by conscience to restate my views. It is my view that the length of time served is in the sole discretion of the legislature and this Court lacks authority to apply an Eighth Amendment analysis absent a challenge to the statute itself in non-capital cases. We have continued to state that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." ***Hoops v. State***, 681 So.2d 521, 537 (Miss. 1996). The flawed ***Solem*** analysis adopted by the majority has been repeatedly rejected by not only the United States Supreme Court but various other State Courts. Therefore, I respectfully specially concur.

**SMITH, J., JOINS THIS OPINION.**