817 So.2d 619 (2002)
Rodney JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CA-01352-COA.
Court of Appeals of Mississippi.
May 21, 2002.
*621 Wanda Turner-Lee Abioto, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Rodney Johnson pled guilty to two counts of sale of a controlled substance. Later he filed a petition for post-conviction relief which was dismissed without an evidentiary hearing. On appeal, Johnson argues that his claims deserved an evidentiary hearing. We disagree and affirm.

STATEMENT OF FACTS
¶ 2. On September 29, 1998, Rodney Johnson was charged with one count of trafficking in a controlled substance. The charge was later reduced by agreement to two counts of sale of a controlled substance. *622 On March 12, 1999, Johnson pled guilty to both charges. He was sentenced to fifteen years on count one and fifteen years, suspended, on count two with the sentences to run consecutively.
¶ 3. On May 19, 2000, Johnson filed a petition for post-conviction relief asserting that he received ineffective assistance of counsel and as a result his plea was involuntary. Johnson obtained new counsel prior to the filing of his petition. These were the claims: (1) he was not counseled regarding a possible entrapment defense, (2) he was not informed of the differences between the charges as indicted and reduced charges, (3) he was not informed as to the "legal definition" of an open plea, (4) counsel led him to believe that he would serve only five years, (5) counsel failed to present mitigating circumstances and the details of plea negotiations with the State, and (6) counsel failed to bring to the court's attention the disproportionate sentence he received. Johnson's sworn affidavit attached to the motion made similar claims, but in the affidavit Johnson claimed that his counsel informed him the recommended sentence would be three years instead of five.
¶ 4. The circuit judge set a hearing on the petition for July 20, but on July 12, 2000, entered an order dismissing the petition without a hearing. The court stated that "having reviewed the pleadings and both court files, including the transcript of the plea and sentencing, [found] that the record substantiates a good, informed plea. ..." The trial judge further found that "Johnson admitted under oath that he understood what rights he was giving up, he understood what the maximum and minimum penalties were for the crimes, he understood that there was no plea bargain, and that the court could sentence him anywhere between the maximum and the minimum...."
¶ 5. Johnson's appeal has been deflected here.

DISCUSSION
¶ 6. A prisoner may file a motion for post-conviction relief based on any of several grounds, one of which is that the prisoner's guilty plea was involuntary. Miss.Code Ann. § 99-39-5(f) (Rev.2000). A judge may dismiss a petition if after review it "plainly appears" that the prisoner "is not entitled to any relief. ..." Miss. Code Ann. § 99-39-11(2) (Rev.2000). "Where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham, no hearing is required." Young v. State, 731 So.2d 1120, 1122-23 (Miss.1999).
¶ 7. The court concluded that Johnson's petition was without merit. We examine the claims.

1. Entrapment
¶ 8. Johnson claims that he was not counseled regarding a possible entrapment defense. In paragraph four of his petition to enter a guilty plea, Johnson stated that he had informed his counsel of all the facts and circumstances known to him of the charges filed against him and that his counsel had advised him of "the possible defenses that I may have to the charges." At his plea hearing, Johnson stated that his attorney had advised him of any possible defense he might present at trial and that he was satisfied with his attorney's advice. Johnson also stated that he decided to plead guilty after a full discussion with this attorney of his case.

2. Drug Trafficking versus Sale of a Controlled Substance
¶ 9. Johnson contends that he was not informed of the differences between a *623 charge of trafficking in a controlled substance and sale of a controlled substance. Johnson petitioned to plead guilty to two charges of sale of a controlled substance. Again, Johnson's petition stated his attorney had advised him of the charges facing him. At the plea hearing, Johnson stated that he understood that he was charged with two counts of sale of cocaine, that his attorney explained those charges, and that he understood the two charges.
¶ 10. Assuming that Johnson's attorney did not explain the differences between the two charges, Johnson has failed to allege in what manner he was prejudiced by such failure. Trafficking in a controlled substance requires that three component offenses be committed within a twelve month period with two of the component offenses taking place in different counties. Miss.Code Ann. § 41-29-139(g)(2) (Rev.2001). A "component offense" is the sale of a controlled substance. Id. An individual, having made three different sales of a controlled substance in two counties, could face either one count of trafficking or three counts of sale of a controlled substance.
¶ 11. The real difference between the two crimes is the sentences an individual may face. A person convicted of trafficking in a controlled substance faces a minimum thirty year term of imprisonment to be served day for day with no possibility of parole or probation and a fine anywhere from a $5,000 to $1,000,000. Miss.Code Ann. § 41-29-139(g)(1) (Rev.2001). A person convicted of sale of a schedule II substance may be imprisoned for not more than thirty years and faces a minimum fine of $5,000 and a maximum fine of $1,000,000. Miss.Code Ann. §§ 41-29-115(A)(a)(4) and 41-29-139(b)(1) (Rev. 2001). Both the circuit court judge and the plea petition informed Johnson that he was facing a minimum of three years on each count and a minimum fine of $1,000, although the statute does not set out any minimum term of imprisonment.
¶ 12. Johnson was facing a sixty-year sentence if he received the maximum on each sale of a controlled substance count. At first glance, this would appear to place Johnson in a position worse than that which he was facing with the single trafficking charge. However, the trafficking charge carried a minimum sentence of thirty years while the two sale charges, combined according to the documents before us, carried a minimum sentence of only six years. With the sale charges, there was the possibility that Johnson would receive a suspended sentence or be eligible for parole or probation, options which are not available to a sentencing judge on the trafficking charge. Johnson received two fifteen-year sentences with one of those suspended. Fifteen years is less than thirty. We find no prejudice even had the differences not been fully understood.

3. Open Plea/Plea Bargain
¶ 13. Johnson claims that his attorney did not explain to him the concept of an "open" plea. While this may or may not be true, it is irrelevant. Johnson's petition to enter a plea stated that his attorney had explained the maximum and minimum sentences and fines that could be imposed. Paragraph 10(a) of the petition stated that no agreements had been reached as to any recommended sentence, that his attorney did not tell him he would receive any particular sentence, and that a decision on sentencing was left solely to the court. Paragraph 10(b), which Johnson claims is confusing, states the following:
As a result of plea-bargaining, my attorney and I have reached an agreement with the District Attorney's Office concerning *624 my offer to plead guilty to the charges listed in paragraph three. It is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows. ...
Following this paragraph was this statement: "plead open to 2 counts; remand the other." Johnson claims that paragraphs 10(a) and (b) are contradictory and led him to believe that he would be receiving a "recommended" sentence. Johnson claims that the recommended sentence was three to five years and that his attorney advised him of this. It is clear when one reads these two paragraphs together that there was no recommended sentence or plea bargain.
¶ 14. The district attorney stated at the hearing that the State was seeking fifteen years. Additionally, the circuit court judge asked Johnson if he understood that as judge he was
not bound by any plea bargain which may have occurred between your lawyer and the District Attorney's office, and I can sentence you anywhere between the maximum and the minimum? There is no plea bargain. So it's just up to me? You understand that it's 60 years total and a two million dollar fine total that I could give you? You understand?
Johnson indicated to the judge that he understood. The judge also informed Johnson it was possible that he might have to serve each and every day of a possible sixty-year sentence. Johnson stated that he understood that possibility. The trial judge then asked Johnson, "Having advised you of all of the foregoing, ... how do you plead to these two counts of sale of cocaine?" Johnson responded by pleading guilty to both counts.
¶ 15. Johnson's motion for post-conviction relief claimed that his attorney told him he would serve only five years while his affidavit claimed it was only three years. Johnson also claims that his attorney failed to bring to the court's attention details of plea negotiations with the district's attorney's office. These two claims are belied by his earlier sworn plea petition and sworn statements.
¶ 16. Johnson alleges in his brief that "the record is devoid of any request for further information by the Court as to the recommended sentence identified in the plea petition." It is clear from the judge's questioning and Johnson's own answers that there was no recommended sentence. Johnson also states that the "Court only recites the normal questions and does not delve into the meaning of these responses as it relates to the charges for which the defendant stood accused." This is a peculiar argument as Johnson answered "Yes, sir" to many of the questions asked him. These answers are given under oath. For such an answer, there would be no need for the court to "delve into the meaning of these responses" unless "yes" means something other than "yes."
¶ 17. Finally as to the plea petition, Johnson claims that the statement "remand the other" induced him to believe that there were other charges pending against him. As previously stated, drug trafficking requires three component offenses over a twelve-month period with two of the component offenses occurring in two different counties. Miss.Code Ann. § 41-29-139(g)(1) (Rev.2001). In this case, one component offense took place in Marshall County and the other two took place in DeSoto County. Marshall and DeSoto Counties are in different circuit court districts. Johnson claims his plea could not be voluntary based on his misperception that he was receiving the benefit of a guarantee he would not be indicted in Marshall County, a benefit not within *625 the power of the DeSoto County district attorney. However, Johnson stated that his attorney reviewed with him and explained to him the guilty plea petition. The sworn facts prevent the relief that Johnson seeks.

4. Mitigating Circumstances
¶ 18. Johnson asserts that if his counsel brought to the court's attention certain mitigating factors such as his "education disability" and gambling addiction that the outcome of the sentencing may have been different. Johnson asserts he has an "education disability," was "borderline" mentally retarded, and "although I read the words on the paper, I did not understand ... the legal meaning of the petition." A prisoner's mere assertion, unsupported by any documentary evidence, that he has an "education disability," does not raise the issue of possible incompetency. Magee v. State, 752 So.2d 1100, 1101-02 (Miss.Ct.App.1999). Both in the petition and at the plea hearing, Johnson stated under oath that he could read and write and that he understood the petition. Johnson also stated in his petition that he was mentally competent. Johnson confirmed at the hearing that his attorney reviewed his petition with him and explained its meaning.
¶ 19. The record of the plea hearing does demonstrate that his counsel presented some mitigating factors to the circuit court. Johnson's counsel "asked that he be treated the way most of the first offenders are on sales." Counsel noted that Johnson had no prior record, had family in the local area, was employed, had no violent behavior, and was aware that he would have to be punished.

5. Disproportionate Sentencing
¶ 20. Johnson states that he believes that his sentence was disproportionate to that of other first time offenders. Johnson offers no evidence in support of this allegation. As the judge noted before he announced sentence, Johnson was not like other first time offenders because "he was further up the line." In any event, the sentence was well within the statutory guidelines for this offense. "[A]s long as the sentence is within the limits of the statute, the imposition of such sentence is within the sound discretion of the trial court. ..." Gibson v. State, 731 So.2d 1087, 1097 (Miss.1998).

6. Knowing and Voluntary Plea
¶ 21. Johnson claims that his plea was not knowingly given and points to two instances at the plea hearing where, in response to questioning by the judge, he replied that he did not understand. The first instance occurred shortly after the hearing began. The judge asked Johnson, in a compound question, whether he understood that by pleading guilty he would give up his right to a public jury trial, right to cross-examine witnesses, and right to subpoena witnesses to testify in his behalf. Johnson replied that he did not understand and asked the judge to repeat himself. The judge then questioned Johnson about each of those rights individually. Johnson stated each time that he understood he was waiving that particular right by pleading guilty. The judge then proceeded to question Johnson about additional rights he would waive by pleading guilty. Each time, Johnson stated he understood that he was waiving those rights. Whatever uncertainty was created as to Johnson's ability to understand the questions by his initial response was cured by the judge's further questioning.
¶ 22. The second instance occurred after the prosecutor related to the court what she intended to prove had the case *626 gone to trial. The following exchange took place between the judge and Johnson:

Court: Do you disagree with any of the statements made by the District Attorney?

Johnson: Yes, sir.

Court: You do disagree?

Johnson: What's that now?

Court: Do you disagree with anything she said?

Johnson: Sir, I don't understand.

Court: I don't know why you can't understand me. I'm talking plain English.
¶ 23. Johnson asserts this statement further demonstrates his plea was not knowingly given. As the transcript of the plea hearing demonstrates, this conversation continued. Johnson disputed that he sold the cocaine at one of the three sales for $170. Johnson stated that it was $100 at each sale. Johnson also told the court that he possessed the cocaine and that he sold it. These two statements cannot form a basis for finding the plea was not knowingly and intelligently made.
¶ 24. Additionally, Johnson claims his plea was not voluntary as it was "induced by fear" in violation of our uniform rules of circuit and county courts. See URCCC 8.04 A(2). Johnson claims the following exchange with the judge induced his plea:

Court: Are you not paying attention to me?

Johnson: I'm listening.

Court: You understand that you're entitled to a public trial by jury? Speak up.

Johnson: Yes, sir.

Court: If I tell you to speak up one more time, we're just going to stop all of this, and you're just going to go to jail for being in contempt. Is that clear?

Johnson: Yes, sir.
¶ 25. Johnson claims that the court's "threat ... had the effect of chilling the petitioner's expression of his lack of knowledge regarding his plea agreement." Johnson claims that he "was faced with revealing the true nature of his thoughts and feelings under the threat of losing what he might have considered to be a deal" and possibly facing other charges. The judge's statement also "placed a chill upon his freedom of expression." In fact, though, the judge only required that Johnson speak up. The judge did not require Johnson to give untruthful answers in an effort to please the judge as Johnson claims. In any event, the judge told Johnson at the start of the hearing that he was under oath and must answer all questions truthfully. As has been amply demonstrated, there was no "deal" between Johnson and the district attorney's office for a recommended sentence.
¶ 26. After reviewing each of Johnson's claims, we find that the circuit court was correct in dismissing this petition for post-conviction relief without benefit of a hearing.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.