MODIFIED OPINION ON MOTION FOR REHEARING
CHANDLER, J.,
for the Court.
¶ 1. Eourtney Bynum’s motion for rehearing is denied. The original opinion issued in this case is withdrawn, and the following opinion is substituted therefor.
PROCEDURAL HISTORY AND FACTS
¶ 2. On December 21, 1995, in the Circuit Court of Bolivar County, Bynum was found guilty of rape and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). The trial court’s sentencing order did not mention parole eligibility. In September 1996, Bynum received a sentence computation date sheet wherein his sentence was calculated as mandatory, with no parole. The MDOC Records Department determined Bynum’s sentence pursuant to Mississippi Code Annotated section 47-7-3 and Mississippi Code Annotated section 47-5-139, which were amended effective August 23, 1994, to state that “[a]ny person who shall have been convicted of a sex crime shall not be released on parole ...” and “[a]n inmate shall not be eligible for the earned time allowance if ... [t]he inmate was convicted of a sex crime.... ” See Miss Code Ann. § 47-7-3 (Rev.2004); § 47-5-139 (Rev.2004).
¶ 3. Bynum filed a motion with the trial court requesting that the court clarify his sentence. On February 24,1997, the court entered an order stating that, while the court had not intended for Bynum’s sentence be mandatory, only the Parole Board had jurisdiction over parole matters. Aggrieved, Bynum filed a motion on August 22, 1997, with this Court to have the trial court clarify his sentence. On November 25, 1997, we denied Bynum’s motion, stating that the trial court had already entered an order 'on the matter. According to Bynum, he then filed a grievance with the MDOC’s Administrative Remedies Program. On February 23, 1998, the records officer at Parchman, Barbara Bailey, informed Bynum that the trial court had been told that the law had been amended prior to the date Bynum committed the crime. Bailey also wrote that the trial court had stated that Bynum’s time should not be reworked.
¶ 4. Then, Bynum unsuccessfully appealed from his conviction. On or about November 13, 2001, Bynum filed an application with the supreme court for permission to pursue post-conviction relief. See Miss. Code Ann. 99-39-7 (Supp.2004). The supreme court denied the application, stating that the matter had been well-settled by the prior proceedings in the trial court and the Court of Appeals and that “Bynum’s sentence would be interpreted in accordance with the governing laws at the time *536 of the crime, regardless of any perceived confusion.” Bynum continued his quest for relief, corresponding with the legislature and with the MDOC records director and inquiring into the effective date of the mandatory sentence for sex crimes amendment. The Secretary of the Senate informed Bynum that the amendment had become effective on August 28, 1994. The MDOC records director noted that “[a]s of 8/24/94 anyone convicted of a sex crime is not eligible for parole or ERS.”
¶ 5. Bynum filed a petition for a writ of habeas corpus in the Bolivar County Circuit Court on October 29, 2002. The trial court denied the petition on June 26, 2003, stating that the MDOC has “authority over the calculation of time regarding inmates” and the court was without jurisdiction as Bynum had “exhausted all of his post conviction remedies.... ” Aggrieved, By-, num perfected the instant appeal, asserting the following: (1) the imposition of the statutory amendments to sections 47-7-3 and 47-5-139 violates the constitutional provisions against ex post facto laws as applied to crimes that occurred prior to June 30, 1995; (2) the mandatory twenty-five year sentence violates his due process rights where the sentencing judge was unaware of the amendments at the time of sentencing; and (3) the interpretation of the effective date of the amendments violated separation of powers when both the sentencing court and the supreme court had determined that the amendments became effective on June 30,1995.
¶ 6. On June 10, 2004, during the pen-dency of this appeal, Bynum filed a “Petition for Writ of Mandamus” in the supreme court, requesting that the court “direct the [MDOC] to abide by and follow ... the orders of this Court, the Mississippi Court of Appeals and the Bolivar County Circuit Court which clarified his eligibility for parole.” On September. 2, 2004, .a panel of the supreme court entered an order addressing Bynum’s petition. The order stated that the matter of Bynum’s sentence had already been addressed by the trial court, the Court of Appeals, and the supreme court. However, the panel “[found] it necessary to agáin clarify” Bynum’s sentence and stated that his sentence was not mandatory or without parole eligibility.
STANDARD OF REVIEW
¶ 7. Although Bynum’s request for relief was entitled “Petition for Writ of Habeas Corpus,” the trial court treated it as a motion for post-conviction relief and summarily dismissed it as a successive writ. The Mississippi Uniform PosU-Conviction Collateral Relief Act states that the purpose of the chapter is to codify law pertaining to post-conviction procedures and to abolish the post-conviction writ of habeas corpus. See Miss.Code Ann. § 99-39-3 (Rev.2000). A prisoner’s request that his sentence be corrected will be treated as a motion for post-conviction relief. Miss.Code Ann. § 99-39-5 (Supp.2004). Thus, the trial court correctly treated Bynum’s petition as a motion for post-conviction relief.
¶ 8. The trial court may summarily dismiss a motion for post-conviction relief “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann, § 99-39-11(2) (Rev.2000). This Court will affirm a summary dismissal of a motion for post-conviction relief if the petitioner has failed ,to demonstrate “ ‘a claim procedurally alive substantially] showing denial of a state or federal right....’” Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).
*537 DISCUSSION
¶ 9. Under Mississippi Code Annotated section 99-39-27(9) (Supp.2004), the supreme court’s denial of an application to ñle a motion for post-conviction relief in the trial court is a bar to successive filings. Bynum filed his application for leave to file a motion for post-conviction relief concerning his rape conviction and sentence on November 13, 2001. Bynum filed his motion for post-conviction relief on October 29, 2002. Both the application and the motion attacked the same conviction and sentence. Therefore, Bynum’s motion for post-conviction relief is barred as a successive writ. Miss.Code Ann. § 99-39-27(9) (Supp.2004).
¶ 10. We recognize that the supreme court’s September 2, 2004 order concerning Bynum’s petition for a writ of mandamus stated that Bynum’s sentence was neither mandatory nor without parole eligibility. Notwithstanding that order, we hold that Bynum’s motion for post-conviction relief was properly dismissed as a successive writ. Miss.Code Ann. § 99-39-27(9) (Supp.2004). As established above, on November 13, 2001, Bynum applied to file a motion for post-conviction relief attacking his rape conviction and sentence. In its order denying the application, the supreme court stated that Bynum’s sentence was to be interpreted in accordance with the governing laws at the time his crime was committed. Bynum’s later motion for post-conviction relief attacked the same sentence and is a successive writ. Miss.Code Ann. § 99-39-27(9) (Supp.2004). Therefore, we affirm the circuit court’s dismissal of the motion.
¶ 11. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.