# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00697-COA

**BARRY LEMAX MELTON A/K/A BARRY MELTON A/K/A BARRY L. MELTON**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | BARRY LEMAX MELTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 09/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Barry Lemax Melton was convicted of possession of a controlled substance with intent to sell or distribute. The Harrison County Circuit Court sentenced Melton as a habitual offender to forty years in the custody of the Mississippi Department of Corrections. His conviction was affirmed by this Court in *Melton v. State*, 118 So. 3d 605 (Miss. Ct. App. 2012).

¶2. Melton later filed a motion for post-conviction relief, claiming his counsel was ineffective for conceding admission of a police recording with Melton's confession and

evidence of other prior bad acts. The trial court denied Melton's motion, and he appealed. This Court finds no error and affirms.

## STANDARD OF REVIEW

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

## DISCUSSION

¶5. To prove his counsel was ineffective, Melton must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. A strong but rebuttable presumption exists that counsel's performance was effective. *Gilley v. State*, 748 So. 2d 123, 129 (¶20) (Miss. 1999). "To overcome this presumption, 'the defendant must show that there is a

2

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

¶6.	Melton's attorney filed a Mississippi Rule of Evidence 404(b) motion in limine before trial, and the State confessed that it would not be introducing evidence of any other bad acts. So Melton claims that his trial counsel was ineffective for later failing to object to the admission of his unredacted statement to law enforcement. Specifically, he argues the admission allowed prejudicial evidence of prior bad acts from earlier that day.

¶7.	Melton stated in the interview that he had made seven grams of methamphetamine that day. *Melton*, 118 So. 3d at 608 (¶5). He said that he had sold approximately two grams, given some away, and used approximately .5 grams before he was arrested. *Id*. Our supreme court has held that "proof of another act is allowed when it is so interrelated to the charged crime that it constitutes either a single transaction or occurrence or a closely related series of transactions or occurrences." *Brown v. State*, 890 So. 2d 901, 912 (¶32) (Miss. 2004) (citing *Duplantis v. State*, 644 So. 2d 1235, 1246 (Miss. 1994)). Melton was charged with possession of a controlled substance, methamphetamine, with intent to sell or distribute. His distribution of methamphetamine earlier that day would undoubtedly be a closely related transaction, which is likely why his attorney did not object. In any event, Melton offers no evidence to show how he was prejudiced from the admission of the unredacted statement.

¶8.	"Attorneys are permitted wide latitude in their choice and employment of defense strategy." *Hiter v. State*, 660 So. 2d 961, 965 (Miss. 1995). As stated in the trial judge's

thorough order, the "choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections" is part of trial strategy and does not give rise to an ineffective assistance of counsel claim. *Jackson v. State*, 815 So. 2d 1196, 1200 (¶8) (Miss. 2002) (quoting *Cole v. State,* 666 So. 2d 767, 777 (Miss. 1995)). After reviewing the record, we agree that the decision of Melton's attorney not to object to the admission of the confession falls within the ambit of trial strategy. Thus, we affirm the trial court's denial of Melton's motion.

¶9. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**