# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01284-COA

**DAVID WARD**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:               08/24/2016
TRIAL JUDGE:                    HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:      RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DAVID WARD (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY:  LAURA HOGAN TEDDER
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED: 12/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.     David Ward appeals the Rankin County Circuit Court's judgment denying his motion for post-conviction relief.  Finding Ward's motion successive-writ barred, we affirm the circuit court.

## FACTS

¶2.     Ward was indicted for the possession of a firearm by a convicted felon pursuant to Mississippi Code Annotated section 97-37-5 (Rev. 2014).  He was indicted as a habitual offender but agreed to a plea bargain in exchange for the State dropping the enhancement.  On December 29, 2014, Ward filed his guilty-plea petition, in which he stated under oath that he wished to plead guilty because he willfully, feloniously, knowingly, and intentionally

possessed a firearm when he had previously been convicted of a felony offense. The circuit court found that Ward's plea was given freely and voluntarily. As a result, Ward was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections.

¶3. On March 28, 2016, Ward filed his first PCR motion. Ward contended that he was indicted by an illegally convened grand jury. Ward additionally alleged ineffective assistance of counsel. On May 27, 2016, the circuit court denied Ward's PCR motion. On June 10, 2016, Ward filed a second PCR motion, largely rehashing the same issues. On August 24, 2016, the circuit court also denied that motion. In response, Ward filed the instant appeal.

## STANDARD OF REVIEW

¶4. The circuit court may dismiss a PCR motion without an evidentiary hearing "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶5. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

¶6. On appeal, Ward challenges the sufficiency of the indictment, and as a result, claims his plea was involuntary. He also alleges that he received ineffective assistance of counsel

during the trial proceedings. "The [Mississippi Supreme Court] has held that claims of ineffective assistance of counsel and involuntary guilty pleas are . . . subject to the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)]." *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)).

¶7. Ward's PCR motion is successive-writ barred. "Under the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion." *Stokes v. State*, 199 So. 3d 745, 749 (¶9) (Miss. Ct. App. 2016) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2015)). The circuit court dismissed Ward's first PCR motion filed on March 28, 2016, finding that his claims were without merit. In dismissing Ward's second PCR motion, the circuit court found it successive-writ barred and meritless based on Ward's guilty plea. We find the court properly dismissed Ward's successive motion.

¶8. Procedural bar notwithstanding, Ward's arguments are without merit.

### 1. Sufficiency of the Indictment

¶9. Ward contends that he was indicted by an illegally convened grand jury because, he alleges, the July 2014 term grand jury had completed its duties and the indictment was not signed and filed until September 3, 2014. Ward bases his claim on the contention that the grand jury was not impaneled in September when his indictment was signed and filed. However, this Court has held that "once a grand jury is impaneled, it continues to serve during each successive term of court until a subsequent grand jury is impaneled." *Gray v.*

3

*State*, 819 So. 2d 542, 546 (¶21) (Miss. Ct. App. 2001). Furthermore, under the laws of this State, unless otherwise ordered by the circuit court, a grand jury may be impaneled only twice during a calendar year. Miss. Code Ann. § 13-5-39 (Rev. 2012). "[I]t is the responsibility of any person challenging the validity of an official, or official act, to show invalidity by clear proof." *Gray*, 819 So. 2d at 547 (¶24). Any evidence must be balanced by the "strong presumption that the official acts of [public] officers are valid." *Id.* Nothing in the record suggests that the circuit court had discharged the July 2014 term grand jury from its duties before the indictment was filed on September 3, 2014.

¶10. Ward also contends that the indictment failed to notify him of the charges he faced. Rule 7.06 of the Uniform Rules of Circuit and County Court[1] required that a valid indictment shall include the following:

1. The name of the accused;

2. The date on which the indictment was filed in court;

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

4. The county and judicial district in which the indictment was brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed . . . ;

---

[1] We note that the Uniform Rules of Circuit and County Court relating to criminal practice have been supplanted by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. But because the former rules were still in effect during Ward's trial, Rule 7.06 applies to Ward's case.

6.    The signature of the foreman of the grand jury issuing it; and

7.    The words "against the peace and dignity of the state."

Ward's indictment met those requirements. Pursuant to Mississippi Code Annotated section 99-7-9 (Rev. 2015), "the endorsement by the foreman, together with the marking, dating, and signing by the clerks[,] shall be legal evidence of finding and presenting to the court of the indictment." Thus, Ward's claim fails.

## 2.    Ineffective Assistance of Counsel

¶11.    To establish a claim of ineffective assistance of counsel, a criminal defendant must show, under the totality of the circumstances, that (1) his counsel's performance was deficient, and (2) the deficiency deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶12.    Ward alleges that his counsel should have challenged the grand jury proceedings for their alleged failure to meet the requirements of section 99-7-9 and Article, 14 Section 264 of the Mississippi Constitution, and that this resulted in the Ward's involuntary guilty plea. Further, Ward contends that if trial counsel had advised him that the police obtained custody of his vehicle unlawfully and moved to suppress that evidence, he would not have pled guilty and would have insisted on going to trial.

¶13.    A review of the record demonstrates that these allegations are unfounded. Ward's plea hearing and his plea petition both reveal that Ward was advised of what a guilty plea would entail, and more importantly, Ward was questioned by the circuit judge concerning the

5

representation he received from his attorney.

> COURT:    You've been represented by Mr. Sellers.  Are you satisfied with his representation?
>
> WARD:     I'm satisfied.
>
> COURT:    Have you got any complaints you wish to make about your attorney?
>
> WARD:     No.

¶14.    To establish a claim of ineffective assistance of counsel, Ward was required to show that but for his counsel's errors, he would not have pled guilty to the crime, would have proceeded to trial, and the ultimate outcome would have been different. *Henderson v. State*, 89 So. 3d 598, 602 (¶15) (Miss. Ct. App. 2011).  Ward fails to meet that burden.  Therefore, we affirm the circuit court's ruling.

¶15.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**