## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-01194-SCT

*JAMES CONNELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/94 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | TURNER, KEN, |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/10/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/1/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. James Connell appeals from a denial of his motion for post-conviction relief in the Circuit Court of Neshoba County. Connell now claims that the trial court erred in using perjured testimony to convict him and that he received ineffective assistance of counsel. A direct appeal was pending in this court at the time of the filing and the trial court therefore dismissed stating the trial court had no jurisdiction to hear Connell's motion for post- conviction relief, we therefore affirm the trial court's dismissal below.

### I.

¶2. Connell was arrested on April 28, 1992 in Neshoba County on two counts of rape. He pled not guilty and proceeded to trial and a jury found him guilty on both counts on July 17, 1992. The trial court sentenced Connell to consecutive prison terms of twenty and fifteen years.

¶3. Connell's attorney at trial, Clayton Lewis, failed to timely file the defendant's direct appeal brief.

Upon petition by Connell for Lewis' dismissal as appellate counsel, this Court ordered the trial court to appoint a new attorney. The trial court then appointed J. Douglas Smith as Connell's new lawyer, and an appeal was perfected in this Court (*Connell v. State*, No. 92-KA-0869).

¶4. While his appeal was still pending, Connell filed, *pro se*, a Motion to Set Aside Conviction and Sentence and/or Motion for a New Trial, under the post-conviction relief act. Because Connell's direct appeal was pending, the Circuit Court of Neshoba County dismissed Connell's petition for lack of jurisdiction on November 21, 1994. Connell then filed a notice of appeal for this dismissal to this Court. The State responded with a Motion to Dismiss, claiming that this Court had no jurisdiction to hear the case with the direct appeal pending.

¶5. On October 5, 1995, the Court of Appeals affirmed Connell's conviction on direct appeal. This Court subsequently denied the State's motion to dismiss the instant case, so Connell's appeal of his petition for post-conviction relief is properly before this Court.

## II.

¶6. Connell argues that the trial court should have heard his post-conviction motion due to newly discovered affidavits from the two alleged victims, in which they recanted their previous testimony incriminating Connell in the two rapes. The State argues that the trial court was correct in dismissing Connell's petition for post-conviction relief because the trial court had no jurisdiction, based on Connell's pending direct appeal in this Court.

¶7. In *Rankin v. State*, 636 So. 2d 652 (Miss. 1994), defendant Rankin filed a pro se motion for post-conviction relief while his direct appeal of a jury verdict was pending in this Court. This Court determined that it could dismiss or deny Rankin's motion on this ground without prejudice, allowing him to institute another such action in the appropriate court at the appropriate time. *Id.* at 655. The Court also gave the option of disposing of Rankin's direct appeal, then addressing his post-conviction relief action. *Id.* at 655-56.

¶8. Here, the defendant again prematurely filed a petition for post-conviction relief. The trial court correctly dismissed such petition without prejudice for lack of jurisdiction. Now that this Court has denied the State's motion to dismiss, the defendant is almost in the same position as the defendant in *Rankin*--the petition for post-conviction relief is before this Court, but the direct appeal has been disposed of by the Court of Appeals. It is appropriate, then, for this Court to affirm the dismissal without prejudice. Procedurally, Connell may still present the motion for post-conviction relief to this Court, under Miss. Code Ann. § 99-39-7, for permission to file his motion for post-conviction relief in the trial court.

¶9. This Court is not in the same position as it was when Rankin made his appeal. Rankin directly filed a petition for post-conviction collateral relief with this Court, thirteen months after he filed a direct appeal with this Court. This Court's basis for reviewing Rankin's claim was that Rankin's post-conviction relief action was a supplement to his brief on direct appeal and that all the information necessary to dispose of his claim as a direct appeal was available to the Court. In the instant case, the only information before this Court is the filing under Connell's petition for post-conviction relief. Connell's conviction was affirmed on direct appeal by the Mississippi Court of Appeals. Only if that affirmance is appealed to this Court would this Court be in the same position to treat Connell's

motion for post-conviction relief as it did Rankin's.

¶10. The trial court's dismissal for lack of jurisdiction was appropriate at the time. Nonetheless, Connell is free to present his motion for post-conviction relief to this Court.

### III.

¶11. Connell secondly argues that his counsel, J. Douglas Smith, was ineffective at the trial level and appeal level because he should have raised the claim of the prosecution's use of perjured testimony either in the trial court or on appeal. The State responds that Connell is procedurally barred from making the claim.

¶12. Connell admits in his brief that his claim of ineffective assistance of counsel was not raised at the trial court level. Generally, if a claim of ineffective assistance of counsel is not made at the trial level, the claim is procedurally barred from review. *Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992). Therefore, initially, Connell's claim is barred.

¶13. Despite the procedural bar, Connell's claim still fails on its merits. The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 688 (1984), which was adopted by this Court in *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995).

¶14. The defendant has the burden of proving both prongs. *Id.* The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." *Cole*, 666 So.2d at 775. The level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the overall performance. *Taylor*, 682 So.2d at 363. There is a strong, yet rebuttable, presumption that the actions by the defense counsel are reasonable and strategic. *Id.* Under the second prong of *Strickland*, the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

¶15. The record clearly shows that Connell's attorney, J. Douglas Smith, sent Connell a letter describing the proper procedure by which the affidavits revealing the perjured testimony should be presented to the court. The defendant has failed to present any basis for concluding that counsel acted deficiently or prejudicially. Accordingly, this argument is without merit.

### IV.

¶16. Because the trial court was procedurally correct in dismissing Connell's motion for post-conviction relief for lack of jurisdiction, we uphold the dismissal. However, since the dismissal was without prejudice, Connell may apply to this Court for leave to file his motion for post-conviction relief in the trial court, pursuant to Miss. Code Ann. §§ 99-39-7 and 99-39-27 (Supp. 1995).

¶17. **LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**