# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00439-SCT

*RUSSELL E. BOLER a/k/a RUSSELL BOLAR*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/95 |
| TRIAL JUDGE: | HON. RICHARD WAYNE McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

Russell Boler ("Boler") entered a plea of guilty to the charge of armed robbery and received a sentence of 20 years. Following commitment, Boler filed a motion under the Mississippi Post Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 *et seq*. (1994), alleging that his guilty plea was involuntary, the result of unlawful coercion and ineffective assistance of counsel. The lower court, pursuant to Miss. Code Ann. § 99-39-11 (1994), dismissed Boler's claim without an evidentiary hearing. Boler filed timely notice of appeal, contending that he received ineffective assistance of counsel and that the guilty pleas were coerced.

## A. BACKGROUND AND FACTS

The facts, as demonstrated by the record in this case, and the facts as alleged by Boler, agree only as to the various dates on which events occurred. At the plea hearing, Boler swore, under oath, that he was not coerced or threatened, that he didn't want a preliminary hearing, that his attorney and himself had conferred, and that he understood the charges against him.

Notwithstanding this however, Boler now contends that he was lying to the court because he was in fear for his personal safety or life. The intricate series of events alleged by Boler to have led to his coerced plea are as follows. Boler contends that while in the Forrest County Regional Jail ("F. C. R. J.") on an unrelated charge, he was used to set up a deputy of the F. C. R. J. for selling contraband to inmates. Allegedly, the "set up" was arranged through an intermediary, "Nurse Ruby". Because the deputy wasn't fired, Boler was allegedly removed for his own safety. Subsequently, Boler contends that Chief Detective Raymond Howell forced a confession and subsequent guilty plea for the armed robbery charge from him by continually threatening to put him back into F. C. R. J., where Boler was ostensibly in danger of great bodily harm from the other inmates, who knew of his treachery in the "set up".

Boler avers that, but for his fear of his personal safety, he would not have signed the confession nor lied to the lower court throughout the entire process.

## B. DISCUSSION

**1. Boler has failed to allege facts sufficient to warrant an evidentiary hearing on the issue of whether he was coerced into making his guilty plea.**

Miss. Code Ann. § 99-39-9(1) (1994) mandates the following requirements of every post conviction motion for collateral relief:

. . . .

(c) A concise statement of the claims or grounds upon which the motion is based.

(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.

(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

In *Myers v. State* this Court analogized the procedural posture of an appeal from summary dismissal of a motion for post conviction relief to a civil Rule 12(b)(6) dismissal:

[R]eview of claims brought via formal post-conviction petition proceeds in a structural order whereby "[o]ur procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. Functionally, Section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss.R.Civ.P."

*Myers v. State*, 583 So. 2d 174, 175-6 (Miss. 1991)(internal citations omitted)(*quoting **Billicot v.***

*State*, 515 So.2d 1234, 1236 (Miss. 1987)

In short, this Court "adhere[s] to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harveston v. State*, 597 So. 2d 641, 643 (Miss. 1992)(*internal citations omitted*) (*quoting* **Turner v State** 590 So. 2d 871, 874 (Miss. 1991)); *accord* **Taylor v. State**, 682 So. 2d 359, 366 (Miss. 1996).

It must be noted, however, that while the analogy to a civil 12(b)6 motion is useful, the substituted pleading requirements of § 99-39-9(1)(e) are not identical to the those of Rule 8, as this Court in *Neal v. State* noted quite specifically:

> Notions of notice pleading have no place in post-conviction applications, the very name of which implies that there has been a final judgment of conviction. Respect for the integrity of the judicial process mandates that we require of such applicants a far more substantial and detailed threshold showing, *far in excess of that we deem necessary in the case of a plaintiff in a civil action or, for that matter, in the case of the prosecution in a criminal indictment.*

*Neal v. State*, 525 So. 2d 1279, 1280 (Miss. 1987)(emphasis added).

Section 99-39-9(1)(e) by its own terms requires that when the convict offers facts not within his own knowledge, he must show "how or by whom said facts will be proven," and commands that "[a]ffidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion."

Thus, simply averring any set of facts which could conceivably, if proven true, entitle the convict to relief is not enough to satisfy the pleading requirements of § 99-39-9(1)(e). Thus, unlike a Rule 8 complaint, a well-pleaded post conviction relief motion demonstrates not only a ground upon which relief *could* be based, but also factual support for that ground as well, supported by the sworn word of the prisoner and any supporting witnesses and documents. As the court in *Neal* noted, "[i]n this context we understand Section 99-39-9 [to] suggest a regime of sworn, fact pleadings, based upon personal knowledge." *Neal*, 525 So. 2d at 1280.

The statute does recognize the difficult position of the incarcerated litigant in obtaining such supporting affidavits and consequently permits "[t]he affidavits of other persons and the copies of documents and records may be excused upon a showing, *which shall be specifically detailed in the motion*, of good cause why they cannot be obtained." Miss. Code Ann. § 99-39-9(1)(e) (1994) (emphasis added). Finally, if the prisoner chooses to omit the supporting affidavits and or documents, the convict must state what steps she took in attempting to obtain the material. Miss. Code Ann. § 99-39-9(1)(e). Furthermore, this Court has always maintained that an incarcerated litigant need not fear being thrown out of court simply because of an inartfully worded motion, provided that the substantive requirements of the law are present. *Wilson v. State*, 577 So.2d 394, 397 (Miss. 1991) (*citing*, **Moore v. Ruth**, 556 So.2d 1059, 1061 (Miss. 1990)). Boler's motion however, is not merely inartfully drafted, it is substantively deficient.

Boler does not include any affidavits supporting his version of events; but, more importantly, he

provides no reasons for why they are omitted. Nor does he aver what he attempted to do in order to obtain these affidavits. Without these supporting items, the entire question is simply whether Boler was lying at the plea hearing, or whether he is lying in his post conviction motion.

As this Court stated in *Wright v. State*, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." 577 So. 2d 387, 390 (Miss. 1991)(*citing*, *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223 (5th Cir. 1984)); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572 (2d Cir. 1969)); see also *King v. State*, 679 So. 2d 208, 210-11 (Miss. 1996); *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991).

Here, Boler pled guilty to armed robbery after the standard plea colloquy by the court. The judge specifically asked Boler whether he had been coerced into making his plea:

Q. Has anyone threatened or promised you anything in order to get you plead [sic] guilty . . .

A. No sir,

. . .

Q. Are you entering this plea solely because you are guilty and for no other reason?

A. Yes, Sir.

Q. Do you know of any reason why this Court should not accept your plea of guilty?

A. No, Sir.

Boler, however, contends that he was scared to tell the judge what had happened because:

59. It is rumored in Forrest County that Judge Richard McKenzie, District Attorney Glenn White, and my Counsel Jeffrey Bradley are all related by way of marriages.

60. The theory is that District Attorney Glenn White is married to Judge Richard McKenzie's daughter, and that Jeffrey Bradley is married to District Attorney Glenn Whites sister.

61. Being of this "Theory," I was of the impression that if I made Judge McKenzie aware of the facts underlying and facilitating my guilty plea that Judge McKenzie would not believe me, and I would be subjected to Det. Howell's threats if I failed to plead guilty.

Despite Boler's "Theory", the only item impeaching the validity of the transcript in the present case is Boler's own assertion that he lied throughout the entire proceeding. This Court has stated that when the only support offered by a convict is his own affidavit, an evidentiary hearing is not required. *Marshall v. State*, 680 So. 2d 794, 795 (Miss. 1996)(*citing Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992)).

Without supplementation, Boler's version of events is "overwhelmingly belied" by his sworn testimony at the plea hearing in which he unequivocally stated that he had not been coerced into

entering his guilty plea. Furthermore, this Court notes that there were numerous times at which Boler could have safely brought the alleged behavior of the various officials to the attention of both counsel and judge without any rational fear of being returned to the Forrest County Jail. Indeed, the entire *raison d'être* behind requiring a **Boykin** hearing is to expose unconstitutional coercion to the light of judicial scrutiny.

In sum, Boler has failed to present facts sufficient to warrant an evidentiary hearing, as the lower court correctly surmised.

### 2. The joint representation of Boler and his co-defendant at the plea hearing reveals no actual conflict of interest.

The record before this Court is muddled as to the actual sequence of representation of Boler in this matter. Initially, it appears that Boler was represented by Mr. Helfrich at his waiver of indictment, wherein Mr. Helfrich's name appears written over Mr. Bradley's on the form. Boler maintains that Mr. Bradley was his counsel of record, and does not even mention Mr. Helfrich.

The record is clear, however, that Mr. Bradley represented both Boler and his co-defendant, Aycock, during the plea hearing:

> BY THE COURT: Russell Boler in 16, 958 to Armed Robbery represented by Mr. Helfrich, having been here on waiver of indictment.
>
> Do you have any objection to Mr. Bradley standing in?
>
> A. No, sir.

In order to demonstrate that counsel was ineffective due to joint representation, the defendant must show that there has been an *actual*, as opposed to a speculative, conflict of interest. The "defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." **Stringer v. State**, 485 So. 2d 274, 275 (Miss. 1986) (*quoting* **Cuyler v. Sullivan**, 446 U.S. 335, 350 (1980)). "[A] potential for conflict or hypothetical or speculative conflicts will not suffice for reversal. The conflict must be *actual.*" **Stringer**, 485 So. 2d at 275 (emphasis added)(*citing*, **Cuyler v. Sullivan**, 446 U.S. 335, 350 (1980); **U.S. v. Alvarez**, 580 F.2d 1251 (5th Cir. 1978)). *See also*, **Littlejohn v. State**, 593 So. 2d 20, 23 (Miss. 1992); **Smith v. State**, 666 So. 2d 810, 812 (Miss. 1995); **Sykes v. State**, 624 So. 2d 500, 503 (Miss. 1993).

In **Armstrong v. State**, we explained that an actual conflict arising from joint representation occurs when "the interests of the clients are in some manner antagonistic to one another, [and that] before any lawyer is authorized to assume dual representation, ... [she] must first satisfy [herself] that there is no objective reason why [she] cannot, despite such divergence of interests, faithfully represent them both." **Armstrong v. State**, 573 So. 2d 1329, 1332 (Miss. 1990)(*quoting* **Hartford Acc. & Indem. Co. v. Foster**, 528 So. 2d 255 (Miss. 1988)). Stated somewhat differently, "[a] lawyer can represent two or more parties on the same side of a lawsuit if their interests are identical. Interests are identical when the parties will receive a correspondingly equal benefit if they are successful, or a correspondingly equal detriment if they lose." **Littlejohn**, 593 So. 2d at 26.

Here, Boler's interest was identical to Aycock's during the plea hearing. In particular, both Boler and

Aycock were pleading guilty to an armed robbery charge. Both stood to receive a stiff prison term, and both had identical interests in being competently represented throughout the plea hearing. Moreover, there is no allegation of any harm resulting from the conflict, i.e. that Mr. Bradley secured a lesser sentence for Aycock by talking Boler into pleading guilty. Thus, there was no actual conflict of interest in having Mr. Bradley represent them both for the purposes of the plea hearing in this case. This Court would note, however, that the better practice is to have each defendant separately represented, and that dual representation of criminal defendants is viewed with great suspicion in general. *See Armstrong v. State*, 573 So. 2d 1329 (Miss. 1990).

### 3. Boler's other contentions.

Boler also contends that counsel was ineffective in waiving his preliminary hearing, failing to consult with him and failing to conduct any pre-trial investigation. These contentions are without merit.

First, Boler's contention that he did not consult with counsel is completely belied by the record and his signed entry of guilty plea. Both reveal that Boler swore under oath that he had consulted with counsel. As to the claim that counsel improperly waived his preliminary hearing, Boler must overcome the strong presumption that counsel was within the wide range of acceptable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065 (1984); *Chase v. State*, 699 So. 2d 521, 526 (Miss. 1997); *Connell v. State*, 691 So. 2d 1004, 1007 (Miss. 1997). Boler must also show that the mistake or mistakes were so prejudicial as to convince this Court with a reasonable degree of certainty that, but for counsel's mistakes, the outcome would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Chase*, 699 So. 2d at 526-27; *Connell*, 691 So. 2d at 1007. Boler avers that had he known that the purpose of the preliminary hearing was investigatory, he would not have waived it, but would have used the opportunity to inform the judge that he was being coerced.

It is a strange contention indeed that Boler needed the benefit of a preliminary hearing before he could tell anyone that he was being physically coerced into making a guilty plea. He was in open court with both counsel and judge during the waiver and during the subsequent plea hearing. Despite this, by his own account, he remained silent during the waiver, just as he did at his subsequent plea hearing. It is hard to imagine how counsel could be ineffective for not sensing, despite Mr. Boler's silence, that Boler was being coerced. This argument is without merit.

Finally, Boler contends that the trial court improperly did not inform Boler of the fact that the minimum sentence for armed robbery under Miss. Code Ann. § 97-3-79 (1994) was 3 years, in violation of U.R.C.C.C. 8.04. U.R.C.C.C. 8.04 requires, under certain circumstances, that the trial court apprize the defendant of the minimum sentence. *Vittitoe v. State*, 556 So. 2d 1062, 1065 (Miss. 1990); U.R.C.C.C. 8.04(4)(b).

When the defendant has actual knowledge of the minimum, or it is clear beyond a reasonable doubt that the defendant would have pled guilty regardless of knowing the minimum sentence, then the failure of the trial court to inform the defendant of the statutory minimum is harmless error. *Simpson v. State*, 678 So. 2d 712, 716 (Miss. 1996); *Banana v. State*, 635 So.2d 851, 854 (Miss. 1994). Here Boler swore under oath that he had conferred with his attorney; and furthermore, Boler does not convincingly aver that had he known the minimum he would have refused to plead guilty. This assignment of error is without merit.

# C. CONCLUSION

Boler has not demonstrated that the lower court erroneously failed to grant an evidentiary hearing. He submits no affidavit but his own attacking his plea as involuntary and offers no explanation as to why such support is lacking. Furthermore, there was no actual conflict of interest in the joint representation of Boler at the plea hearing, nor has Boler demonstrated that the trial court erred in failing to inform him of the minimum sentence for robbery.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN RESULT ONLY.**