ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. In 1995, a jury sitting before the Franklin County Circuit Court found Billy L. Wardley, Jr. guilty of the sale of crack cocaine.
 
 Wardley v. State,
 
 760 So.2d 774, 776 (¶¶ 4-5) (Miss.Ct.App.1999). The circuit court sentenced Wardley as a habitual offender to thirty years in the custody of the Mississippi Department of Corrections.
 
 Id.
 
 Wardley appealed his conviction, but this Court found no merit to his arguments on appeal and affirmed.
 
 Id.
 
 at 775 (¶ 1).
 

 ¶ 2. Approximately thirteen years later, Wardley filed a “petition to show cause” in the Hinds County Circuit Court. Wardley complained that he had been denied effective assistance of counsel because the Mississippi Legislature had failed to adequately fund the public defender’s office. Wardley named Governor Haley Barbour and Mississippi Attorney General Jim Hood as defendants. Wardley requested that the circuit court reverse his conviction. He did not request money damages.
 

 ¶ 3. The circuit court found that Ward-ley’s complaint was essentially a petition for post-conviction relief. The circuit court went on to find that Wardley’s petition was not properly before the court because Wardley had failed to receive leave from the Mississippi Supreme Court to file his petition. Additionally, the circuit court found that Wardley’s petition was not properly before the court because Wardley had failed to file his petition in the Franklin County Circuit Court. The circuit court also found that Wardley’s petition was untimely filed. According to the circuit court, to the extent that Wardley raised violations of his civil rights, those claims were also untimely filed. The circuit court went on to hold that there was no merit to Wardley’s claim that the statewide public-defender system was unconstitutional. Finally, the circuit court noted that Governor Barbour and General Hood are granted immunity from civil suits by the Mississippi Tort Claims Act. Aggrieved, Wardley appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. “This Court will not disturb a trial court’s dismissal of a petition for post-
 
 *1224
 
 conviction relief unless the trial court’s decision was clearly erroneous.”
 
 Belk v. State,
 
 8 So.3d 272, 274 (¶ 5) (Miss.Ct.App.2009). However, we review issues of law de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 5. Wardley claims that the circuit court improperly construed his “petition to show cause” as a petition for post-conviction relief or a claim based upon a deprivation of his civil rights. According to Wardley, he merely challenged “the validity of the state statutes that enabled his trial counsel to be appointed to his defense ... which resulted in real and immediate injury upon [him], established by systemic ineffective assistance of counsel.” Ward-ley elaborates in his appellate brief that he was and is “seeking answers as to [w]hy the on-going [sic] defense system is established as it is.” According to Wardley, the public-defense system “is ill-equipped to provide all defendants with the tools and common[-]sense approach of an effective and adequate defense, and that [this] has led to a system that has fallen short of its constitutional obligations.”
 

 ¶ 6. However, in his “petition to show cause,” Wardley argued that if the circuit court found that he “demonstrated error due to funding and resource deficiencies, this requires reversal of the conviction unless the [State] demonstrates that the error was harmless.” Pursuant to Mississippi Code Annotated section 99-39-5(1) (Rev.2007):
 

 Any prisoner in custody of a court of record of the State of Mississippi who claims:
 

 (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
 

 [[Image here]]
 

 (c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
 

 [[Image here]]
 

 (i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds or alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
 

 ¶ 7. Wardley’s “petition to show cause” was clearly a petition for post-conviction relief. After having no success on direct appeal, Wardley filed a civil action requesting that the circuit court find that he had received ineffective assistance of counsel during his trial. Wardley went on to request that the circuit court reverse his conviction due to that alleged ineffective assistance of counsel. Although Wardley also asked the circuit court to explain why he received ineffective assistance of counsel, that request does not obviate Ward-ley’s other requests for relief, which are clearly collateral attacks upon his conviction. “The character of the proceeding cannot be unilaterally changed by [someone] simply by the name he chooses to attach to his pleading.”
 
 Maston v. State,
 
 768 So.2d 354, 355 (¶ 4) (Miss.Ct.App.2000).
 

 ¶ 8. Because Wardley’s appeal was affirmed on direct appeal, Wardley was obligated to receive leave from the Mississippi Supreme Court before he filed his petition for post-conviction relief. Miss. Code Ann. § 99-39-7 (Supp.2009). Having failed to do so, Wardley’s petition is procedurally barred. Wardley was also obligated to file his petition in the Franklin County Circuit Court because it was the circuit court in which he was convicted.
 
 *1225
 

 Id.
 
 Wardley improperly filed his petition in the Hinds County Circuit Court. Accordingly, Wardley’s petition is procedurally barred for this additional reason as well.
 

 ¶ 9. What is more, Wardley’s petition for post-conviction relief was untimely filed. “A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon.” Miss.Code Ann. § 99-89-5(2) (Rev.2007). On September 7, 1999, this Court affirmed Wardley’s conviction on direct appeal. This Court denied Wardley’s request for rehearing on May 2, 2000. Wardley filed his “petition to show cause” in 2008. Having failed to file his petition timely, Wardley’s arguments on appeal are procedurally barred for yet another reason.
 

 ¶ 10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.