ROBERTS, J.,
for the Court:
¶ 1. Ricky M. Jackson was convicted of aggravated assault and sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Jackson filed a direct appeal. Jackson v. State, 42 So.3d 613 (Miss.Ct.App.2010). While Jackson’s direct appeal was still pending, Jackson filed five pro se motions in the Pike County Circuit Court.[1] *85 The circuit court treated Jackson’s motions as one single motion for post-conviction relief and subsequently entered an order stating that “Jackson’s case has been directly appealed ... and therefore this Court has no jurisdiction to hear Jackson’s claim without leave of the [Mississippi] Supreme Court.” Consequently, the circuit court denied Jackson’s motions.
¶ 2. Undeterred, Jackson filed three more motions in which he collaterally attacked his conviction for aggravated assault.[2] He then appealed the circuit court’s denial of his initial barrage of motions for post-conviction relief. Subsequently, the circuit court entered an order denying Jackson’s second barrage of motions for post-conviction relief. Jackson has not appealed the circuit court’s second decision.
STANDARD OF REVIEW
¶ 3. The circuit court’s order indicates that it “denied” Jackson’s motion for post-conviction relief. However, the circuit court’s disposition is more accurately characterized as summarily dismissing Jackson’s motion, since the circuit court declined to consider the merits of Jackson’s motion due to the circuit court’s lack of jurisdiction. “This Court will not disturb a trial court’s dismissal of a petition for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010).
ANALYSIS
¶4. Jackson filed numerous motions, which the circuit court treated as one single motion for post-conviction relief, while his direct appeal was still pending. The Mississippi Supreme Court addressed a similar set of circumstances in Connell v. State, 691 So.2d 1004, 1006 (Miss.1997). In Connell, a petitioner prematurely filed a petition for post-conviction relief while his direct appeal was still pending. Id. The supreme court held that the appropriate resolution was to “affirm the dismissal without prejudice.” Id. The supreme court added that the petitioner in Connell “may still present the motion for post-conviction relief,” but he must do so according to the procedure set forth in Mississippi Code Annotated section 99-39-7 (Supp.2011). We caution Jackson that filing any further motions for post-conviction relief without first obtaining the supreme court’s permission to do so will render any such motions procedurally barred. Wardley, 37 So.3d at 1225(118). As for Jackson’s present appeal, we affirm the circuit court’s summary dismissal of Jackson’s motion for post-conviction relief for lack of jurisdiction.
¶ 5. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. On November 30, 2009, Jackson filed a motion for records and transcripts and a motion styled as a "motion for criminal contempt.” On December 3, 2009, Jackson filed a "motion to provide new real evidence," a "motion *85 to provide proof of perjury,” and a "motion to set aside judgement [sic].”

. On September 7, 2010, Jackson filed another document with the circuit court. Within that document, Jackson requested criminal-background checks on two people and himself. He also collaterally attacked the evidence supporting his conviction for aggravated assault. Three days later, Jackson filed another document with the circuit court. In that filing, Jackson requested that he be released on bail pending the outcome of his request for post-conviction relief.