ROBERTS, J.,
for the Court:
¶ 1. James Jennings pled guilty to statutory rape and two counts of gratification of lust. For statutory rape, the Oktibbeha County Circuit Court sentenced Jennings to twenty years in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of post-release supervision. For one of the two counts of gratification of lust, the circuit court sentenced Jennings to ten years in the custody of the MDOC, to run consecutively to Jennings’s sentence for statutory rape. For the other count of gratification of lust, the circuit court sentenced Jennings to ten years in the custody of the MDOC, to run concurrently with Jennings’s sentence for statutory rape.
¶2. Jennings filed a motion for post-conviction relief (PCR) and claimed that the statutory-rape charge of the indictment was defective in that it did not allege his age as of the time of the offense. Jennings also claimed he received ineffective assistance of counsel because his attorney had allowed him to plead guilty to a defective indictment. The circuit court summarily dismissed Jennings’s PCR motion without requiring a response from the State. Jennings appeals.
STANDARD OF REVIEW
¶ 3. “This Court will not disturb a trial court’s dismissal of a [motion] for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010). However, “[t]he issue of whether an indictment is so flawed as to warrant reversal is a question of law and allows this Court a broad standard of review.” Smith v. State, 989 So.2d 973, 978-79 (¶ 13) (Miss.Ct.App.2008) (citations omitted).
ANALYSIS
¶ 4. Jennings claims that the statutory-rape charge in the indictment was fatally defective. “The primary purpose of an indictment is to notify a defendant of the charges against him so as to allow him to prepare an adequate defense.” Id. at 979 (¶ 13). “All that is required is that the indictment provide a concise and clear statement of the elements of the crimes charged.” Id. (quotation marks omitted). Additionally, Rule 7.06 of the Uniform Rules of Circuit and County Court states that an indictment “shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” Rule 7.06 fur *187 ther provides that “[fjormal and technical words are not necessary in an indictment, if the offense can be substantially described without them.”
¶ 5. According to Jennings, count one of the indictment was defective in that it failed to allege his age at the time of the offense. Jennings is mistaken. The indictment alleged that Jennings was born on March 19, 1983. Furthermore, the indictment claimed that on April 8, 2008, Jennings had intercourse with a child who was born on February 9, 1995. In other words, the indictment alleged that Jennings was twenty-five years old when he had intercourse with a thirteen-year-old girl. Count one of the indictment was not fatally flawed, because it included Jennings’s birth date, the victim’s birth date, and the date of the offense. See Smith, 989 So.2d at 979 (¶ 17).
¶ 6. Jennings’s claim is based on the differences between two subsections of Mississippi Code Annotated section 97-3-65 (Rev.2006). Count one of the indictment alleged, in pertinent part, that Jennings had intercourse with a child “under the age of 14 years [who was] 24 or more months younger than [him].” The indictment also stated that Jennings’s birth date was March 19, 1983. Even so, the indictment did not specifically allege that Jennings acted in violation of any particular subsection of section 97-3-65.
¶ 7. Section 97-3-65 fixes various penalties for statutory rape based on the age of the victim and the age of the perpetrator. Section 97 — 3—65(1)(a) applies when someone who is at least seventeen years old has sexual intercourse with a child who is fourteen to sixteen years old. Additionally, the victim must be at least thirty-six months younger than the perpetrator. Id. The victim in this case was thirteen years old. Consequently, Jennings was ineligible to be convicted under section 97-3-65(l)(a).
¶ 8. Section 97 — 3—65(l)(b) applies when someone of any age has sexual intercourse with a child who is younger than fourteen years old. Additionally, the victim must be at least twenty-four months younger than the perpetrator. Id. Jennings was twenty-five years old when he had intercourse -with a thirteen-year-old girl. Consequently, Jennings was eligible to be convicted under section 97-3-65(1)03).
¶ 9. Mississippi Code Annotated section 97-3-65(3) provides for a range of potential penalties for a conviction for statutory rape. Again, the variables involved include the victim’s age and the perpetrator’s age. Section 97-3-65(3)(e) provides that a perpetrator who is at least eighteen years old and who was convicted under section 97-3-65(l)(b) shall be sentenced “to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.”
¶ 10. According to the transcript of Jennings’s guilty plea, Jennings’s petition originally indicated that the sentencing range for a conviction under count one was “[thirty years] to life” and that the prosecution would recommend that the circuit court sentence Jennings to twenty years in the custody of the MDOC in exchange for his guilty plea to count one. During Jennings’s guilty-plea hearing, the circuit court pointed out the inconsistency in Jennings’s guilty-plea petition. After a brief discussion, the circuit court informed Jennings that he did not qualify for a possible sentence of thirty years to life in the custody of the MDOC.[1] Consequently, the cir *188 cuit court allowed Jennings’s attorney to modify Jennings’s guilty-plea petition to correctly show that the possible sentencing range for count one was between twenty years in the custody of the MDOC and life imprisonment, rather than thirty years to life.
¶ 11. Jennings received the exact sentence for which he bargained. Jennings seems to argue that he should have faced a minimum possible sentence of thirty years rather than twenty years. First and foremost, it enures to Jennings’s benefit to serve twenty years rather than thirty years. Second, Jennings could not have been sentenced under section 97-3-65(3)(b). Section 97 — 3—65(3)(b) contemplates sentencing a perpetrator who is convicted under section 97-3-65(l)(a), and section 97-3-65(l)(a) only applies if the ■victim was between fourteen and sixteen years old. The victim in this case was thirteen years old. And finally, even if Jennings had been convicted under section 97-3-65(l)(a), based on Jennings’s age and the fact that there is no indication that this is a subsequent offense, thirty years is the maximum sentence he could have received under section 97-3-65(3)(b), rather than the minimum sentence.
¶ 12. The indictment in this case was not defective. Jennings’s confusion is related to an error in his guilty-plea petition. That error was corrected before the circuit court accepted Jennings’s guilty plea and sentenced Jennings. Moreover, Jennings did not experience any prejudice as a result of the initial error in his guilty-plea petition. The circuit court sentenced Jennings precisely according to the prosecution’s original recommendation. We find no error in the circuit court’s decision to summarily dismiss Jennings’s PCR motion.
¶ 13. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. No provision under section 97-3-65 provides a possible sentencing range of thirty years to life in the custody of the MDOC.