ROBERTS, J.,
for the Court:
¶ 1. Tracy Handy appeals the Tishomin-go County Circuit Court’s decision to summarily dismiss his motion for post-conviction relief (PCR). Handy claims the circuit court erred when it revoked his ten-year suspended sentence for fondling. However, the circuit court correctly held that Handy’s PCR motion was procedurally barred as a successive writ. Additionally, the circuit court had the discretion to revoke Handy’s suspended sentence because Handy pled guilty to do *1115 mestic violence during his term of post-release supervision. Accordingly, we affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. In September 2005, Handy was convicted of fondling and sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years to serve, followed by five years of post-release supervision. Handy served the entire balance of his initial five-year mandatory sentence.
¶ 3. After Handy began serving his five-year term of post-release supervision, he was arrested for domestic violence. The State successfully moved to revoke Handy’s suspended sentence. The circuit court revoked Handy’s ten-year suspended sentence and ordered him to serve five years “at a facility to be designated by” MDOC, with the remaining five years suspended, followed by five years of post-release supervision.
¶ 4. During December 2011, Handy filed a document styled as a “motion for reconsideration of sentence.” Within his motion, Handy claimed that the circuit court had erred when it revoked his probation. Reviewing Handy’s motion as a PCR motion, the circuit court found no merit to Handy’s claim. As a result, the circuit court denied Handy’s PCR motion.
¶ 5. In March 2012, Handy filed another PCR motion. In Handy’s second PCR motion, he again claimed that the circuit court had erred when it revoked his suspended sentence. Noting that Handy had raised the same issue in his first PCR motion, the circuit court found that Handy’s second PCR motion was procedurally barred because it was a successive writ. Additionally, the circuit court reiterated that Handy’s suspended sentence had been revoked because he had failed to “live at liberty without violating any laws.” Specifically, the circuit court again detailed that Handy had pled guilty to domestic violence while he was serving his term of post-release supervision. Accordingly, the circuit court summarily dismissed Handy’s second PCR motion. Handy appeals.
STANDARD OF REVIEW
¶ 6. “This Court will not disturb a trial court’s dismissal of a [PCR motion] unless the [circuit] court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010). A circuit court may summarily dismiss a PCR motion “where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (quoting Miss.Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. Id.
ANALYSIS
¶7. Handy revisits his claim that the circuit court erred when it revoked his suspended sentence. According to Handy, the circuit court denied him due process of law. Handy cites the appropriate standard regarding the minimum due-process requirements of a probation-revocation hearing. However, Handy does not specify exactly how or when the circuit court infringed on his due-process rights. As best we can tell, Handy claims that the circuit court relied on erroneous information when it revoked his suspended sentence. Handy also claims that the circuit court should not have revoked his suspended sentence because he was not delinquent regarding his obligation to pay restitution to the victim of his underlying fondling conviction.
¶ 8. We note that the circuit court summarily dismissed Handy’s second PCR mo *1116 tion, in which Handy had raised the exact same issues that he had raised in his first PCR motion. Mississippi Code Annotated section 99-39-23(6) (Supp.2012) provides that successive PCR motions are barred if the prisoner has filed a previous PCR motion. Accordingly, the circuit court correctly held that Handy’s second PCR motion was procedurally barred because it was a successive writ.
¶ 9. Furthermore, Handy’s suspended sentence was based upon a number of conditions, including the condition that he “shall hereafter commit no offenses against the laws of this or any state of the United States.” During the revocation hearing, Handy admitted that he had been arrested for domestic violence. The State introduced Handy’s girlfriend’s statement that Handy “slapped [her] in the face and pushed [her] down on the bed.” The State also introduced a copy of an abstract from the Tishomingo County Justice Court indicating that Handy had pled guilty to domestic violence. Handy said that “[t]he [justice court] gave [him] time served.” Consequently, notwithstanding the procedural bar, there is no merit to Handy’s claim that the circuit court erred when it revoked his suspended sentence.
¶10. THE JUDGMENT OF THE TISHOMINGO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISH-OMINGO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.