# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02024-COA

KEVIN WARREN                                                         APPELLANT

v.

STATE OF MISSISSIPPI                                                  APPELLEE

DATE OF JUDGMENT:              11/12/2013
TRIAL JUDGE:                   HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        KEVIN WARREN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: MELANIE THOMAS
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:       MOTION FOR POST-CONVICTION RELIEF
                               DISMISSED
DISPOSITION:                   AFFIRMED - 11/04/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., ROBERTS, MAXWELL AND FAIR, JJ.

### ROBERTS, J., FOR THE COURT:

### FACTS AND PROCEDURAL HISTORY

¶1.     In May 2000, agents with the El Paso Texas International Airport Interdiction Unit contacted the Mississippi Bureau of Narcotics (MBN). The El Paso agents informed the MBN that Kevin Warren had checked luggage that contained marijuana on a flight to Jackson. When Warren landed in Jackson, he could not find his luggage. Warren reported that it was missing. Before Warren could leave the airport, MBN agents confronted Warren and arrested him based on an outstanding warrant from Jackson. Authorities then obtained

a warrant to search Warren's luggage, which contained marijuana.

¶2.     Warren was indicted and charged with possession of more than five kilograms of marijuana. He was also charged as a habitual offender under Mississippi Code Annotated section 99-19-83 (Supp. 2014). On October 9, 2001, a jury sitting before the Rankin County Circuit Court found Warren guilty of the lesser offense of possession of more than one kilogram but less than five kilograms of marijuana. The circuit court found that Warren qualified for enhanced sentencing as a habitual offender, and sentenced him to life in the custody of the Mississippi Department of Corrections.

¶3.     On November 12, 2002, Warren filed a "notice of out of time appeal." Warren did not list any justification regarding why he should be allowed to file an untimely appeal of his conviction. The circuit court treated Warren's notice as a request for an out-of-time appeal. The circuit court noted that Warren had until November 9, 2001, to file a timely appeal, and Warren did "not state sufficient grounds" for an out-of-time appeal, or show good cause to justify his request. Warren did not appeal the circuit court's decision.

¶4.     On October 28, 2010, Warren filed a document titled "Reconsideration of Sentence." Within that document, Warren stated that he had no constitutional or statutory right to a reduction in his sentence, but if the circuit court would relieve him of his sentence, he planned to become a chef, write an inspirational book, and be "very active in ministering the word of God." He also explained that he planned to get married, he had a son, and there were a number of people who would be active in his life if the circuit court relieved him of his sentence. Approximately one month later, the circuit court denied Warren's request for reconsideration of his sentence. In so doing, the circuit court noted that Warren's sentence

was required by statute, and it was not grossly disproportionate to the crime that he had committed.

¶5. On October 4, 2013, Warren filed a motion for post-conviction relief (PCR) and claimed that a search warrant was defective and the circuit court had no jurisdiction to convict or sentence him because he did not actively or constructively possess marijuana in Rankin County. The circuit court summarily dismissed Warren's PCR motion because it was untimely. Warren appeals. Finding no error, we affirm.

## STANDARD OF REVIEW

¶6. "This Court will not disturb a [circuit] court's dismissal of a [PCR motion] unless the [circuit] court's decision was clearly erroneous." *Wardley v. State*, 37 So. 3d 1222, 1223-24 (¶4) (Miss. Ct. App. 2010). A circuit court may summarily dismiss a PCR motion "where 'it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. *Id*.

## ANALYSIS

¶7. On appeal, Warren essentially argues that he is entitled to post-conviction relief because there was insufficient evidence that he had active or constructive possession of marijuana in Rankin County. Warren had three years from the entry of the judgment of conviction to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). The judgment of Warren's conviction was executed on January 18, 2002, with a note that it was "nunc pro tunc October 10, 2001." It was filed on February 11, 2002. Even if we assume that the

3

actual date of the entry of Warren's conviction was February 11, 2002, Warren still had until February 11, 2005, to file a PCR motion. Warren's PCR motion was more than seven years too late. Consequently, it is barred because it was untimely.

¶8.     Furthermore, Mississippi Code Annotated section 99-39-3(2) (Rev. 2007) provides:

> Direct appeal shall be the principal means of reviewing all criminal convictions and sentences, and the purpose of [the Mississippi Uniform Post-Conviction Collateral Relief Act] is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.

The sufficiency of the evidence against Warren could have and should have been raised at trial or on direct appeal. It is not a proper issue for a PCR motion.

¶9.     **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**