# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01401-COA

**MERLIN LKENT WILLIAMS A/K/A MERLIN KENT WILLIAMS A/K/A MARVIN KENT WILLIAMS**                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MERLIN LKENT WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MATTHEW WYATT WALTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.    A Harrison County jury found Merlin LKent Williams guilty of aggravated assault. The circuit court sentenced Williams to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC).  Williams appealed.  *See Williams v. State*, 281 So. 3d 939, 941-42 (¶¶7-10) (Miss. Ct. App. 2019) (holding that Williams's argument that he was the wrong person on trial due to the alleged misspelling of his name was without merit).  On August 1, 2018, while his appeal was pending before this Court, Williams, pro se, filed various motions with the Harrison County Circuit Court.  Treating his "Petition for Writ of

Habeas Corpus" as a motion for post-conviction collateral relief (PCR), the circuit court denied Williams's request for relief. Williams now appeals the denial of his PCR motion.

FACTS AND PROCEDURAL HISTORY

¶2. A Harrison County jury found Williams guilty of aggravated assault, and he was sentenced to serve twenty years in MDOC's custody. Williams appealed his conviction, and after his appellate counsel filed a *Lindsey*[1] brief asserting that there were no issues warranting appellate review, Williams filed a supplemental pro se brief raising ten issues. *Williams*, 281 So. 3d at 941 (¶¶5-6). The issues raised by Williams centered on the purported misspelling of his name; Williams contended that "Merlin Kent Williams" was convicted and sentenced, not "Merlin *LKent* Williams," the alleged proper spelling of his name. *Id.* at 941-42 (¶7). We found Williams's issues on direct appeal, including the purported misidentification of Williams based on the misspelling of his middle name, without merit and affirmed his conviction. *Id.* at 942 (¶10).

¶3. On August 1, 2018, while his appeal was pending before this Court, Williams, pro se, filed various motions with the Harrison County Circuit Court. Two of the filings were styled as a "Motion for Evidentiary Hearing" and a "Petition for Writ of Habeas Corpus," which the circuit court treated as one PCR motion. Williams did not request leave from the Mississippi Supreme Court in accordance with Mississippi Code Annotated section 99-39-7 (Rev. 2015) before filing these motions. As in his direct appeal, these motions centered on Williams's assertion that because he was indicted as "Merlin Kent Williams," while his real

---

[1] *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

name is "Merlin *LKent* Williams," he was wrongly convicted and is therefore serving an illegal sentence.

¶4.     On September 10, 2018, the circuit court denied Williams's "Motion for Evidentiary Hearing," noting that "the appeal of his conviction and sentence [was] pending before the Mississippi Court of Appeals[.]"  The circuit court denied Williams's "Petition for Writ of Habeas Corpus" the same day, for the same reason, noting that this was Williams's fifth such motion and that the court had denied his first "Petition for Writ of Habeas Corpus in Post-Conviction" on the same basis.  Williams filed his "Notice of Appeal for Fifth Writ of Habeas Corpus and Evidentiary Hearing" on September 21, 2018.[2]

## STANDARD OF REVIEW

¶5.     "'This Court will not disturb a trial court's dismissal of a [motion] for post-conviction relief unless the trial court's decision was clearly erroneous.'"  *Jackson v. State*, 75 So. 3d 84, 85 (¶3) (Miss. Ct. App. 2011) (quoting *Wardley v. State*, 37 So. 3d 1222, 1223-24 (¶4) (Miss. Ct. App. 2010)).  "When reviewing questions of law, this Court's standard of review is de novo."  *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013).

## DISCUSSION

¶6.     On appeal, Williams renews his contention that he is not "Merlin Kent Williams" but rather "Merlin LKent Williams" such that he was wrongly convicted and is therefore serving

---

[2] Williams's notice of appeal of the circuit court's denial of his PCR motion is but one of several filings, with both the supreme court and this Court, Williams made during the pendency of his direct appeal.  While not relevant to the issues in the instant appeal, those filings likewise parroted Williams's contentions about the misspelling of his middle name. *See, e.g.*, Order, *Williams v. State*, No. 2018-M-00573 (Miss. Aug. 8, 2018); Order, *Williams v. State*, 2018-TS-00585-COA (Miss. Ct. App. Aug. 14, 2018).

an illegal sentence. In denying Williams's PCR motion, the circuit court did not reach the merits of this issue. We likewise decline to do so and find no error with the circuit court's denial of relief.

¶7. By its terms, the circuit court's order "denied" Williams's PCR motion because "the appeal of his conviction and sentence [was] pending" before this Court. Practically, the circuit court's order "is more accurately characterized as summarily dismissing [Williams's] motion, since the circuit court declined to consider the merits of [his] motion due to the circuit court's lack of jurisdiction," i.e., because of the pendency of Williams's direct appeal. *Jackson*, 75 So. 3d at 85 (¶3).

¶8. The Mississippi Supreme Court addressed a case with a similar posture in *Connell v. State*, 691 So. 2d 1004, 1006 (Miss. 1997); *see also Jackson*, 75 So. 3d at 85 (¶4) (discussing *Connell*). In *Connell*, a petitioner filed a motion for post-conviction relief while his direct appeal was still pending. *Connell*, 691 So. 2d at 1006. The supreme court held that because Connell's PCR filing was premature, the appropriate disposition was to "affirm the dismissal without prejudice." *Id*. The supreme court noted that the petitioner "may still present the motion for post-conviction relief," but he must do so in accordance with the procedure set forth in Mississippi Code Annotated section 99-39-7. *Id*. This section "provides that when a defendant's conviction and sentence [have] 'been affirmed on appeal or the appeal has been dismissed,' a PCR motion 'shall not be filed in the trial court' unless the supreme court grants the defendant leave to file the motion." *Saunders v. State*, No. 2018-CP-00141-COA, 2019 WL 1348363, at *1 (¶4) (Miss. Ct. App. Mar. 26, 2019), *cert. denied*, 279 So. 3d 1085

(Miss. 2019). Further, as we cautioned in *Jackson*, we admonish Williams that "filing any further motions for post-conviction relief without first obtaining the supreme court's permission to do so will render any such motions procedurally barred." *Jackson*, 75 So. 3d at 85 (¶4) (citing *Wardley*, 37 So. 3d at 1225 (¶8)).

¶9. Because Williams's PCR motion was filed while his direct appeal was pending, his request for PCR relief was premature. Further, Williams failed to seek leave from the supreme court before filing his PCR motion in the circuit court. Therefore, we affirm the circuit court's dismissal of Williams's PCR motion, as the circuit court lacked jurisdiction to reach the merits of Williams's claim.[3]

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[3] In its brief, the State requests that we strike various exhibits that Williams attached to his Appellant's Brief that are not found within the record filed with this Court. Because we do not address the merits of Williams's claim, this request is denied as moot.