**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2015-CP-01388-COA**

**DANA EASTERLING A/K/A DANA M.**                    **APPELLANT**
**EASTERLING**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:               04/15/2015
TRIAL JUDGE:                          HON. RICHARD W. MCKENZIE
COURT FROM WHICH APPEALED:   SIMPSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DANA EASTERLING (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                      BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                       AFFIRMED: 11/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.     Dana Easterling's suspended sentence was revoked after he was indicted by a grand

jury on two counts of possession of a controlled substance. Easterling filed a post-conviction

relief motion contending that his revocation must be set aside because the hearing was

untimely. The circuit court denied the motion after an evidentiary hearing. We find no error

and affirm.

**DISCUSSION**

¶2.     In 2011, Easterling pled guilty to possession of cocaine. He received a fifteen-year

sentence, with ten years suspended. On December 27, 2013, Easterling was arrested and

charged with driving under the influence, possession of a controlled substance, resisting arrest, and other related counts apparently stemming from a traffic stop. On January 27, 2014, the circuit court issued an arrest warrant for the violation of the conditions of Easterling's post-release supervision. Easterling was subsequently incarcerated until July 14, when he filed an inmate grievance form, followed by a habeas corpus petition on July 23, demanding his release or a revocation hearing. On August 1, the circuit court held a revocation hearing, but Easterling asked for and received a continuance until after the grand jury considered the allegations against him. On September 17, the revocation hearing was finally held, and it was noted that the grand jury had indicted Easterling on two counts of possession of a controlled substance. The circuit court revoked Easterling's suspended sentence, and this PCR motion followed.

¶3.     In his PCR motion and his brief on appeal, Easterling does not allege that the circuit court lacked a sufficient substantive basis to find that he had violated his suspended sentence. Instead, Easterling argues that the delay in holding his revocation hearing violated his constitutional right to due process. He also argues that dismissal of the revocation was required by the 2014 amendments to revocation procedure enacted by House Bill 585, which became effective July 1, 2014.

¶4.     We address the statute first, as most of the briefing by both parties is addressed to it. The 2014 amendments substantially changed probation and suspended sentence revocation, prescribing certain procedures and time limitations, and notably limiting revocations for

2

"technical violations" to certain prescribed time periods. *See* Miss. Code Ann. § 47-7-37 (Rev. 2015).

¶5. Easterling contends that certain time limits prescribed in the 2014 amendments should have been applied to him. In particular, subsection 47-7-37(3) requires that, after an offender is arrested on a warrant for an alleged violation of probation (or suspended sentence), "the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation." Subsection (5)(a) then provides that the revocation hearing shall be held within twenty-one days of the arrest if the offender remains detained on the warrant. If the hearing is not held within twenty-one days, "the offender shall be released from detention and shall return to probation status," but the court may still "subsequently hold a hearing" and revoke the suspended sentence. § 47-7-37(5)(c). Subsection (10) requires that the "revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued," "[u]nless good cause for the delay is established in the record of the proceeding."

¶6. The State contends that section 47-7-37's time limits apply only to revocations for technical violations, but it offers little if any argument in support, other than citing Mississippi Code Annotated section 47-7-37.1 (Rev. 2015). That section provides that, "[n]otwithstanding any other provision of law to the contrary," a court may still revoke probation or a suspended sentence and impose any or all of the sentence on a finding that the

3

probationer has committed a felony or absconded. *Id.* While it does appear that section 47-7-37.1 would control over 47-7-37(10), section 47-7-37.1 was passed into law in April 2015, and it was not in effect at the relevant times.

¶7.    At any rate, it is not necessary to address the question of whether section 47-7-37's time limits apply only to technical violations, as the Mississippi Supreme Court's recent decision in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016), requires this Court to conclude the statute cannot be applied retroactively to Easterling.  In *Drankus*, the court held that House Bill 585's new "case plan" requirements do not apply to offenders admitted to the Mississippi Department of Corrections' custody prior to House Bill 585's effective date. *See id.* at 1235-36 (¶¶7-14).  The Court noted that "[t]he longstanding rule in Mississippi is that statutes will be construed to have a prospective operation only, unless a contrary contention is manifested by the clearest and most positive expression." *Id.* at 1236 (¶13).  The statute was silent on retroactive application, and it was impossible for the MDOC to have complied with the various requirements because the specified time limits had already passed with regard to Drankus long before the statute was enacted. *Id.* at 1235-36 (¶¶10, 13).

¶8.    This case presents essentially the same scenario.  The 2014 amendments to section 47-7-37 are silent on retroactive application and specify time limits – seventy-two hours, twenty-one days, and thirty days after arrest on the revocation warrant – that had all already passed for Easterling at the time the statute came into effect.  Thus, following *Drankus*, we conclude that the amended statute cannot be applied retroactively to Easterling.

4

¶9. As to Easterling's constitutional claims, we agree that he had a constitutional right to a timely revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). But Easterling offered no defense at the revocation hearing, and he has not even attempted to show that any prejudice resulted from the delay, which is a prerequisite for relief. *See Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993); *see also* 67 C.J.S. *Pardon and Parole* § 95 (2017). The failure to hold a preliminary hearing is also harmless if it does not result in prejudice. *Presley v. State*, 48 So. 3d 526, 529-30 (¶¶11-15) (Miss. 2010).

¶10. As Easterling has failed to show prejudice from the allegedly untimely revocation hearing, he has failed to show that his revocation must be set aside.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., NOT PARTICIPATING.**