# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00056-COA

**DARRELL W. PHILLIPS A/K/A DARRELL PHILLIPS A/K/A DARRELL WENDELL PHILLIPS**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/2016 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DARRELL W. PHILLIPS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 01/09/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Darrell Phillips's suspended sentence was revoked after he was convicted of a felony in Tennessee.  He later filed a motion for post-conviction relief challenging the timeliness of his revocation hearing.  The circuit court dismissed it without an evidentiary hearing, finding that although Phillips's revocation hearing was untimely under the statute, he was not entitled to have his revocation set aside.  We agree and affirm.

## STANDARD OF REVIEW

¶2.     The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior

proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

### 1. Statutory Timeliness of Revocation Hearing

¶4. In 2008, Phillips pled guilty to felony shoplifting. He was sentenced to five years' incarceration followed by five years of post-release supervision. In September 2013, Phillips was arrested in Tennessee for attempted robbery. A short time thereafter, the State filed a motion to revoke Phillips's suspended sentence, and a bench warrant was issued. Phillips subsequently pled guilty in Tennessee to the robbery charge. He was transported back to Mississippi on September 18, 2015, and was served with the revocation warrant that day. Phillips was appointed counsel for the revocation proceedings, and he apparently presented no defense at the revocation hearing in exchange for a reduced sentence after revocation. The hearing was held October 16, 2015, and the order revoking the suspended sentence was filed the same day. Phillips was ordered to serve three years of his suspended sentence.

¶5. On September 9, 2016, Phillips filed the instant motion for post-conviction relief, alleging that his revocation hearing was untimely pursuant to the 2014 amendments to

2

revocation procedure enacted by House Bill 585, which became effective July 1, 2014. The 2014 amendments substantially changed probation and suspended sentence revocation, prescribing certain procedures and time limitations, and notably limiting revocations for "technical violations" to certain prescribed time periods. *See* Miss. Code Ann. § 47-7-37 (Rev. 2015). In particular, subsection 47-7-37(3) requires that, after an offender is arrested on a warrant for an alleged violation of probation (or suspended sentence), "the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation." Subsection (5)(a) then provides that the revocation hearing shall be held within twenty-one days of the arrest if the offender remains detained on the warrant. If the hearing is not held within twenty-one days, "the offender shall be released from detention and shall return to probation status," but the court may still "subsequently hold a hearing" and revoke the suspended sentence. *Id.* at (5)(c). Subsection (10) requires that the "revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued," "[u]nless good cause for the delay is established in the record of the proceeding." Phillips was arrested on the warrant on September 18, 2015, and the revocation hearing was held October 16, 2015. Phillips contends that, under the statute, he should have received a preliminary hearing and should have been released after twenty-one days.

¶6.     Phillips erroneously assumes that violation of these statutory time limits required

3

dismissal of his revocation charges; he seeks to be returned to post-release supervision under his suspended sentence. But the statute does not mandate dismissal if there is a failure to hold a preliminary hearing or to hold a final revocation hearing within twenty-one days; the time limits of subsections 47-7-37(3) and 47-7-37(5)(a) only address whether the probationer can be held in custody pending the final revocation hearing. Violation of subsection 47-7-37(10)'s requirement that the final hearing be held within thirty days, on the other hand, does result in dismissal of the revocation charge – but only if there is not good cause for the delay. That time limit was not exceeded.

¶7. Additionally, Mississippi Code Annotated section 47-7-37.1 (Rev. 2015), which became effective after passage in April 2015, was in effect at the relevant time. That section provides that, "[n]otwithstanding any other provision of law to the contrary," a court may still revoke probation or a suspended sentence and impose any or all of the sentence on a finding that the probationer has committed a new felony or absconded. *Id.* Phillips's suspended sentence was revoked after a finding he had committed a felony in Tennessee, and thus the statute did not prohibit revocation no matter how much time had passed since he was arrested on the revocation warrant.

¶8. Phillips has failed to show that his revocation must be set aside.

## 2. Failure to Hold Preliminary Revocation Hearing

¶9. Phillips also contends that he was constitutionally entitled to a preliminary hearing on the revocation charges. That may or may not be true when the revocation is for a new

4

conviction. *See* 67 C.J.S. *Pardon and Parole* §§ 87-88 (2017). Regardless, Phillips waived this issue by failing to raise it at the revocation hearing itself. *Presley v. State*, 48 So. 3d 526, 528 (¶9) (Miss. 2010). And the failure to hold a preliminary hearing is harmless if it does not result in prejudice. *Id.* at 529-30 (¶¶11-15). Phillips has identified no prejudice as a result of the failure to hold a preliminary hearing.

¶10. This issue is without merit.

### 3. Ineffectiveness of Counsel

¶11. Finally, Phillips contends that his counsel at the revocation hearing was constitutionally ineffective for erroneously advising him, on the day of the revocation hearing, that the time limits of Mississippi Code Annotated section 47-7-37 apply only to parole revocation.

¶12. Even if we were to accept Phillips's assertions, as we explained in the prior issue, section 47-7-37's time limits would not have affected the legality of his revocation. Thus an error by counsel on this point was harmless and cannot support relief based on ineffective assistance of counsel, which requires, among other things, a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

¶13. This issue is without merit.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**