# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00103-COA

**TAJE LEONDAS DORTCH A/K/A TAJE DORTCH A/K/A TAJE L. DORTCH**                     APPELLANT

v.

**STATE OF MISSISSIPPI**                     APPELLEE

DATE OF JUDGMENT:               12/23/2020
TRIAL JUDGE:                    HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:      DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         TAJE LEONDAS DORTCH (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 05/17/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. Taje Dortch pled guilty to robbery in 2015 and was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC) followed by seven years of post-release supervision (PRS)—five years reporting and two years non-reporting. On June 29, 2020, the DeSoto County Circuit Court issued an arrest warrant for Dortch based on allegations that he had violated the terms of his PRS by (1) failing to report to a probation agent since November 5, 2019; (2) failing to have a residence or address on file; (3) failing to pay his monthly supervision and drug-screen fees; and (4) failing a mandatory drug screen by testing positive for marijuana (THC).

¶2. Dortch was arrested in Madison County on August 5, 2020. The arrest warrant was returned on August 7, at which time the DeSoto County Circuit Court set a revocation hearing for August 18, 2020. At the hearing, the circuit court judge ordered that Dortch's PRS be revoked and that he spend five years in MDOC's custody, with fourteen days' credit given for time spent in custody awaiting his hearing. At no time during the hearing did Dortch defend or refute the allegations that he had violated the terms of his PRS.

¶3. On November 25, 2020, Dortch filed a motion for post-conviction relief (PCR) and a "motion to vacate judgment." In both motions, he asserted that his due process rights were violated by the circuit court's failure to hold an informal preliminary revocation hearing within seventy-two hours of his arrest. *See* Miss. Code Ann. § 47-7-37(3) (Supp. 2018) (providing that "[w]henever an offender is arrested on a warrant for an alleged violation of probation . . . , the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation"). Dortch further argued that the court "improperly revoked" his PRS because the period of time between the issuance of his arrest warrant (June 29) and his revocation hearing (August 18) was over thirty days, and there was no "good cause" shown at the hearing for the delay. Mississippi Code Annotated section 47-7-37(10) provides, "Unless good cause for the delay is established in the record of the proceeding, the probation revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued."

¶4. On December 23, 2020, the circuit court entered an order dismissing Dortch's

motions. Although the court acknowledged "that a probationer facing a revocation of probation is constitutionally entitled to a preliminary hearing in which a hearing officer determines whether probable cause exists to hold the probationer for a final decision concerning revocation," the court further recognized that "the probationer may waive the right to a preliminary hearing and elect to proceed to the final revocation hearing." Because Dortch "verbally elected to proceed with his revocation hearing and declined to cross-examine the testifying MDOC officer or otherwise dispute the allegations against him," the circuit court found he waived the issue of the lack of a preliminary hearing.

¶5.     Furthermore, the court held:

> Additionally, Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) . . . provides that, "notwithstanding any other provision of law to the contrary," a court may still revoke probation or a suspended sentence and impose any or all of the sentence on a finding that the probationer has committed a new felony or absconded. *Id*. Dortch's [PRS] in this case was revoked after a finding he had failed to report to his supervising officer for more than 6 months, and thus the statute does not prohibit revocation no matter how much time had passed since he was arrested on the revocation warrant. *Phillips v. State*, 236 So. 3d 840, 842 (Miss. Ct. App. 2018).

The circuit court concluded that "[b]ecause Dortch was afforded all the necessary due process safeguards associated with his final revocation hearing and failed to prove any prejudice due to the lack of a preliminary hearing," his arguments lacked merit.

¶6.     Dortch filed another "motion to vacate judgment" on January 19, 2021, which the circuit court dismissed for the same reasons outlined in its prior order. Dortch appeals the court's dismissal of his motions. Finding no error, we affirm.

**STANDARD OF REVIEW**

3

¶7. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous[.]" *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018). "When reviewing questions of law, our standard is de novo." *Britton v. State*, 313 So. 3d 1056, 1059 (¶9) (Miss. Ct. App. 2021).

## DISCUSSION

¶8. On appeal, Dortch reiterates his argument that the circuit court "failed to get [him] in front of the [c]ourt within 30 days of the arrest warrant," citing section 47-7-37(10). Thus, he contends his five-year sentence "is harsh based on the contents of the statu[t]e."[1] It is undisputed that Dortch's revocation hearing was held more than thirty days after the issuance of his arrest warrant. It is also undisputed, however, that the delay was due to Dortch's having absconded from DeSoto County's jurisdiction, which he acknowledges in his brief (stating that "[u]pon not reporting (absconding)[,] a[n] MDOC Probation Warrant was issued on June 29, 2020"). Dortch admits that he was subsequently arrested in Madison County. Although the court made no explicit finding that Dortch's absconding constituted "good cause for the delay," we find that the facts would support such a ruling. Furthermore, as we

---

[1] Because Dortch does not raise the issue of his failure to receive an informal preliminary hearing in his appellant's brief, we deem this issue waived for purposes of appeal. *See* M.R.A.P. 28(a)(3), (7). Dortch does assert in his reply brief that he was not given credit for time spent in the Madison County jail. However, as this issue was not raised before the circuit court, it is procedurally barred on appeal. *See Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021) ("[I]ssues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court."). Further, Dortch notes that he has since filed a request through the MDOC's administrative remedy program to correct this issue, which is the appropriate procedural remedy.

4

have already noted, the record demonstrates that Dortch offered no defense against his revocation charges at the hearing.[2]

¶9.     Lastly, Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) provides:

> *Notwithstanding any other provision of law to the contrary*, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

(Emphasis added). In *Phillips v. State*, 236 So. 3d 840, 842 (¶7) (Miss. Ct. App. 2018), this Court addressed a similar issue and concluded that because the petitioner had committed a felony while on PRS, section 47-7-37.1 "did not prohibit revocation no matter how much time had passed since he was arrested on the revocation warrant." Although our holding in *Phillips* concerned statutory time violations of different subsections of section 47-7-37, we nonetheless find section 47-7-37.1 applicable to the present case. As the circuit court noted in its findings, Dortch had not reported to his probation agent since November 2019, more than six months prior to his arrest warrant being issued, and he could not be found at his last known residence. Thus, because Dortch had absconded, the court had discretion to revoke his probation "notwithstanding" the thirty-day time limit imposed in section 47-7-37(10).

---

[2] The State cites *Easterling v. State*, 238 So. 3d 1174 (Miss. Ct. App. 2017), for the proposition that Dortch was required to demonstrate that he suffered prejudice because of the delay. However, this Court specifically noted in *Easterling* that section 47-7-37 was not retroactively applicable to the defendant. *Id*. at 1176 (¶8). Rather, we were only addressing the defendant's constitutional due-process claim when we noted a finding of prejudice was "a prerequisite for relief." *Id*. at 1177 (¶9). Although Dortch did argue below that the violations of the statutory time limits in section 47-7-37 constituted "a violation of due process," Dortch has asserted no such claim on appeal.

¶10. Accordingly, we find no error in the circuit court's revocation of Dortch's PRS, and we affirm the court's dismissal of his PCR motion and his motion to vacate judgment.

¶11. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**